Barry L. Goldner, SBN 107126
Christopher E. Dominguez, SBN 193850
KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Ave., Second Floor
Bakersfield, CA 93309
Telephone:   661-395-1000
Facsimile:   661-326-0418
Email:       bgoldner@kleinlaw.com
             cdominguez@kleinlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIETE D'EQUIPMENTS INTERNATIONAUX NIGERIA, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>DOLARIAN CAPITAL, INC., and ARA G. DOLARIAN<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Societe D'Equipments Internationaux Nigeria, Ltd. (SEI), through its undersigned counsel, files this Complaint against defendants Dolarian Capital, Inc. and Ara G. Dolarian for (1) Rescission for Failure of Consideration, (2) Money Had and Received, (3) Breach of Contract, (4) Conversion, and (5) Fraud, and hereby alleges as follows:

**Parties**

1. SEI is a private limited company organized under the laws of Nigeria. SEI's place of business and corporate office is located in Abuja, Nigeria.

2. Dolarian Capital, Inc., is a corporation organized under the laws of California, with its principal place of business and corporate office located in Fresno County, California.

3. Ara G. Dolarian is an individual who, upon information and belief, during all times relevant to this complaint, resided and still resides in Fresno County, California. During all times relative to this complaint, defendant Ara G. Dolarian was the president and, upon information and belief, the principal shareholder of Dolarian Capital.

4. Plaintiff is informed and believes, and thereon alleges, that each defendant sued herein was and is the agent and employee of the other defendant and at all times relevant to this complaint acted within the course and scope of the agency and employment and with the permission and consent of the other defendant. Defendants knowingly and willfully conspired and agreed among themselves to commit the wrongful acts alleged herein. Defendants and each of them did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement to commit the wrongful acts alleged herein. Each defendant further ratified the acts of the other.

## Jurisdiction and Venue

5. Jurisdiction over this action is appropriate under 28 U.S.C. § 1332, diversity of citizenship, as plaintiff is a citizen of a foreign state and defendants are citizens of California. The amount in controversy exceeds the sum of $75,000.

6. This Court has personal jurisdiction over defendants since both are residents of California and of this District; and defendants have substantial contacts with, and have conducted substantial activities within, this District.

7. Venue is appropriate in this District since both defendants are residents of California and of this District; and a substantial part of the events and omissions giving rise to the claims occurred in this District.

## General Allegations

8. Plaintiff is a Nigerian private limited company in the business of acquiring various military assets and munitions primarily for the Nigerian armed services. SEI contracted with the Nigerian military to acquire and deliver various military assets and

munitions for the use of the Nigerian military in its fight against the terrorist organization known as Boko Haram.

9. Defendants communicated with SEI concerning SEI's requirements for military assets and munitions. Defendant Ara Dolarian assured SEI that as an arms broker and supplier, he and his company, Dolarian Capital, Inc., could obtain, supply, and provide the military assets and munitions needed by SEI and to deliver them to SEI in a timely manner.

10. Defendant Ara Dolarian represented that he and his company, defendant Dolarian Capital, had the experience and the expertise to navigate the regulatory requirements and approvals required by governmental authorities to acquire, sell, supply, and deliver the military assets and munitions to SEI in Nigeria.

11. Defendant Ara Dolarian assured SEI that he had numerous contacts and connections that would enable him and his company to acquire the military assets and munitions and obtain all necessary governmental approvals necessary for export to Nigeria.

12. Based on these representations and assurances, SEI executed a "Sales Agreement" contract with Dolarian Capital dated June 2014, in which Dolarian Capital agreed to sell and supply the military assets and munitions to SEI for a sum of $8,616,042.50 (the "Contract"). (Attached as Ex. A, which is incorporated by reference.)

13. SEI made two payments to Dolarian Capital under the Contract totaling $8,618,646.57; the first was for $4,998,646.57 in June 2014; the second and final payment was made in September 2014 for $3,620,000.00.

14. Following execution of the Contract, defendant Ara Dolarian stated and continued to assure SEI that he and Dolarain Capital were attempting to perform as promised. His statements and assurances however where merely intended to deceive SEI into complacency and also into sending defendants at least $4.9 million for additional military items that Nigeria's military had expressed an interest in purchasing.

15. Despite the $8,618,646.57 sum paid to Dolarian Capital, defendants failed

3

to perform or supply *any* military assets or munitions to SEI as defendants had promised.

16. Based on defendants' failure to perform, and their clear inability or unwillingness to deliver the military assets and munitions as promised, by letter dated May 7, 2015, SEI formally cancelled the Contract and demanded a return of the money SEI paid to defendants. (Attached as Ex. B, which is incorporated by reference.)

17. By letter dated May 15, 2015, defendants stated that they would return only $7,800,000 of the amount paid as a credit against a purported charge for a "cancellation fee" of $27,000,000 on supposed other contracts. No such purported contracts had ever been executed or agreed to by SEI.

18. Defendants have refused and failed to return any amount of the $8,618,646.57 paid to defendants by SEI.

**First Claim for Relief**
**(Rescission: Failure of Consideration – against Dolarian Capital, Inc.)**

19. Plaintiff restates and incorporates by reference each allegation of paragraphs 1 through 18 above.

20. SEI executed a "Sales Agreement" contract with Dolarian Capital dated August 17, 2014, in which Dolarian Capital agreed to sell and supply the military assets and munitions to SEI for a sum of $8,616,042.50 (the "Contract"). (Attached as Ex. A, which is incorporated by reference.)

21. Plaintiff at all times performed all conditions, covenants, and promises on its part in accordance with the terms and conditions of the Contract except insofar as such performance was prevented or excused due to defendants' breaches

22. There has been a material failure in the consideration received by plaintiff, in that defendant Dolarian Capital has failed to supply *any* of the military equipment and munitions as specified in the Contract. Despite plaintiff's many demands for performance or its demand for return of payment, defendants have been unwilling or unable to provide plaintiff with the military equipment and munitions or to return the money paid to defendants therefor.

4

23. As a result of this failure, plaintiff has been deprived of the benefit of its bargain and been damaged by the loss of its funds in the amount of the $8,618,646.57 and the loss of its reputation as a trusted arms supplier to the Nigerian military.

24. On or about May 7, 2015, plaintiff sent defendant Dolarian Capital a notice rescinding the Contract and requesting restitution of all payments made to Dolarian Capital under the Contract. (Attached as Ex. B, which is incorporated by reference.) Defendant Dolarian Capital has refused to make restitution to plaintiff.

25. Plaintiff seeks rescission of the Contract and restitution of $8,618,646.57 for failure of consideration.

**Second Claim for Relief**
**(Common Count - Money Had and Received against All Defendants.)**

26. Plaintiff restates and incorporates by reference each allegation of paragraphs 1 through 18 above.

27. Defendants received money from SEI in the sum of $8,618,646.57 intended for the benefit of SEI and the purpose of acquiring on SEI's behalf and supplying to SEI various military assets and munitions.

28. The money had and received by defendants was not used for the benefit of SEI.

29. On May 7, 2015, SEI demanded payment from defendants in the sum of $8,618,646.57, but no part of it has been paid to SEI.

30. Defendants are indebted to SEI in the sum of $8,618,646.57 for money had and received by defendants from SEI, which has been due and owing since May 7, 2015.

**Third Claim for Relief**
**(Breach of Contract - against Dolarian Capital, Inc.)**

31. Plaintiff restates and incorporates by reference each allegation of paragraphs 1 through 18 above.

32. Plaintiff performed all conditions, covenants, and promises on its part to be performed in accordance with the terms and conditions of the Contract except insofar as such performance was prevented or excused due to defendants' breaches.

33. Plaintiff repeatedly requested that defendant Dolarian Capital perform its obligations under the Contract.

34. Defendant Dolarian Capital breached the Contract by failing to perform and deliver the military assets and munitions as specified under the Contract.

35. Once it became apparent that defendants could not or would not perform or satisfy the contract in a timely manner, plaintiff cancelled the Contract on or about May 7, 2015, and demanded that defendants return the $8,618,646.57 paid by SEI to defendant Dolarian Capital.

36. Defendants have breached the Contract by failing and refusing to deliver the contracted items or return the sum paid for those items. Defendants' wrongful conduct has caused Plaintiff damages in the amount of $8,618,646.57, plus interest at the legal rate from May 7, 2015.

### Fourth Claim for Relief
### (Conversion – against all defendants)

37. Plaintiff restates and incorporates by reference each allegation of paragraphs 1 through 18 above.

38. Until such time as defendants performed the obligation to provide the military assets and munitions specified in the Contract, SEI was the rightful owner of the $8,618,646.57 in funds sent and provided to defendants in June 2015 ($4,998,646.57) and September 2015 ($3,620,000.00) under fraudulent pretenses for purchase of the specified items.

39. SEI had a right to possession of the $8,618,646.57 it sent to defendants upon defendants' failure to procure and provide the items to SEI as specified in the Contract. In or around July 5, 2015, SEI demanded return of the $8,618,646.57.

40. Defendants have knowingly and intentionally retained and refused to return the $8,618,646.57 as demanded by SEI.

41. Defendants' retention of the $8,618,646.57 is inconsistent with, has substantially interfered with, and is in violation of, plaintiff's personal property rights. Plaintiff has not consented to defendants' retention of plaintiff's personal property.

42. Plaintiff has been harmed and damaged by defendants' conversion of plaintiff's property in the amount of $8,618,646.57, plus interest at the legal rate from the date of conversion, May 7, 2015.

43. Defendants' conduct was a substantial factor in causing SEI's harm.

44. Plaintiff has expended time and money in pursuit of its property and is entitled to fair compensation therefor, which will be determined and established at the time of trial on this matter.

### Fifth Claim for Relief
### (Fraud – against all defendants)

45. Plaintiff restates and incorporates by reference each allegation of paragraphs 1 through 18 above.

46. Defendant Ara Dolarian, on his own behalf and on behalf of his corporation, defendant Dolarian Capital, made numerous false representations to SEI in order to induce Plaintiff to (i) contract with defendant Dolarian Capital, (ii) give defendants $8,618,646.57, and (iii) to delay demand for return of the sum paid and rely on defendants' representations that they were going to fulfill their obligations under the contract. The misrepresentations, as stated more specifically below, were made by and through defendant Ara Dolarian, on his own behalf and on behalf of Dolarian Capital.

47. Defendant Ara Dolarian told Plaintiff in June 2014 that (i) he had or could acquire the military assets needed by the Nigerian military, (ii) he and his corporation, defendant Dolarian Capital, were registered with the U.S. Directorate of Defense Trade Controls, (iii) he and Dolarian Capital had the ability to obtain all necessary U.S. or other governmental regulatory approvals for the acquisition, sale, supply, and export of the required military assets and munitions to Nigeria. These communications and misrepresentations were made directly to Mr. Hima Aboubakar, the director of plaintiff SEI.

48. Defendant Ara Dolarian continued to make those representations after the execution of the Contract.

49. Specifically, defendants informed SEI in various communications and

forms from June 2014 through April 2015 that they had the ability to supply the military items and munitions to SEI and the Nigerian military as set forth in the Contract.

50. Defendants further stated to SEI in various communications from June 2014 through early 2015 that they could obtain the necessary governmental approvals to fulfill the terms of the contract.

51. The representations made by defendants were knowingly false at the time they were made. The false representations were made with the intent to deceive and defraud plaintiff and to induce plaintiff to act in reliance on the representations or in the expectation that plaintiff would so act.

52. Plaintiff relied on the defendants' representations stated above in entering into the Contract and in sending the sum of $8,618,646.57 to defendants.

53. As a direct and proximate result of the defendants' conduct and pattern of deceit as herein alleged, plaintiff has lost and been damaged in the amount of $8,618,646.57 paid to defendants.

54. The defendants' conduct was a substantial factor in causing the damage suffered by plaintiff.

55. By means of the wrongful acts alleged in this complaint, and with knowledge thereof, defendants received money, property, or other profits or monetary advantage realized as a result of their wrongful acts.

56. The defendants wrongfully retained this money and property under circumstances that render it unjust to retain such enrichment. Accordingly, defendants must disgorge and restore all sums received as unjust enrichment, namely the $8,618,646.57 paid to defendants by SEI.

57. Defendants intentionally engaged in the above stated pattern of misconduct and misrepresentations knowing that such would cause plaintiff severe, immitigable harm.

58. Defendants' fraudulent misrepresentations and conduct, as stated above, were intended to deceive and defraud, to conceal material facts, and to induce reliance

by plaintiff and deprive plaintiff of property or legal rights or otherwise cause plaintiff injury. Plaintiff was in fact induced by such misrepresentations into sending to plaintiffs $8,618,646.57. Defendants' conduct was despicable, oppressive, and malicious and made with the intent to subject plaintiff to unjust hardship in conscious disregard of plaintiff's rights, so as to justify an award of exemplary and punitive damages in an amount sufficient to punish defendants and deter similar wrongdoing by others.

### Prayer for Relief

59. WHEREFORE, Plaintiff SEI respectfully requests that the Court enter judgment in its favor against defendants and grant relief as follows:

A. A determination that the contract between SEI and Dolarian Capital has been rescinded;

B. An order of restitution to SEI in the amount of $8,618,646.57;

C. Alternatively, an award in the amount of $8,618,646.57 for money had and received;

D. Alternatively, an award in the amount of $8,618,646.57 for compensatory damages for breach of contract;

E. Alternatively, an award of $8,618,646.57 for conversion of personal property;

F. Alternatively, an award of $8,618,646.57 for unjust enrichment;

G. Alternatively, an award of $8,618,646.57 for fraud.

H. Prejudgment interest at the legal rate from May 7, 2015;

I. Costs of recovery for conversion, including attorneys' fees;

J. Punitive and exemplary damages;

K. Costs of suit; and

L. Such further relief as the Court may deem just and proper.

Plaintiff demands a trial by jury.

| | | |
|---|---|---|
| Dated: October 9, 2015 | | KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP |
| | By: | /s/ *Christopher E. Dominguez* <br> CHRISTOPHER E. DOMINGUEZ <br> Attorneys for Plaintiff |