Barry L. Goldner, SBN 107126
Christopher E. Dominguez, SBN 193850
KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Ave., Second Floor
Bakersfield, CA 93309
Telephone:    661-395-1000
Facsimile:    661-326-0418
Email:        bgoldner@kleinlaw.com
              cdominguez@kleinlaw.com

Attorneys for Plaintiff SOCIETE D'EQUIPMENTS
INTERNATIONAUX NIGERIA, LTD.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| SOCIETE D'EQUIPMENTS INTERNATIONAUX NIGERIA, LTD., <br><br> Plaintiff, <br><br> v. <br><br> DOLARIAN CAPITAL, INC., and ARA G. DOLARIAN, <br><br> Defendants. | Case No. 1:15-cv-01553-DAD-SKO <br><br> **PLAINTIFF'S MID-DISCOVERY STATUS CONFERENCE REPORT** <br><br> Magistrate Judge Sheila K. Oberto <br><br> Date:     July 21, 2016 <br> Time:     10:00 a.m. <br> Location: Courtroom 7, 2500 Tulare Street, 6th Floor, Fresno, CA |

Pursuant the Court's Scheduling Order (Doc. 30), plaintiff, Societe D'Equipments Internationaux Nigera, Ltd. ("SEI") hereby submits its Mid-Discovery Status Conference Report in the above-captioned matter.

**REQUEST FOR HEARING TO PROCEED AS SCHEDULED**

SEI requests that the Mid-Discovery Status Conference proceed as scheduled. As explained in greater detail below:

(1)   Defendant Ara G. Dolarian, individually, refused to appear for his deposition on July 6, 2016, in Fresno;

(2)   Mr. Dolarian refused to respond to interrogatories served by SEI;

(3)   Mr. Dolarian refused to produce any documents responsive to the First Request for Production of Documents by simply objecting to every request.

(4) Mr. Dolarian failed to respond to a meet-and-confer letter regarding his failure to respond to interrogatories and his deficient responses to requests for production;

(5) Mr. Dolarian, individually, refused to cooperate and/or meet-and-confer in good faith regarding the scheduling of his deposition; and

(6) Mr. Dolarian, on behalf of Dolarian Capital, Inc., refused to comply with a duly-issued deposition subpoena duces tecum served on Dolarian Capital, Inc., including by denying that such service occurred.

SEI believes that the Mid-Discovery Status Conference is necessary to assist in preventing prejudice to Plaintiff from Mr. Dolarian's failure to properly engage in discovery.

## STATUS REPORT

*SEI's Status*

1. SEI propounded a set of requests for production on Mr. Dolarian on March 25, 2016.
    a. Mr. Dolarian belatedly responded to the requests on May 9.
    b. Mr. Dolarian failed to produce any documents in response to the requests; and simply objected to each request; often by claiming, disingenuously, that he personally did not possess the documents (presumably he intended the objection to claim that the documents were in the "possession" of DCI – even though he is the person who controls the documents).
    c. On May 16, SEI sent a meet-and-confer letter to Mr. Dolarian, explaining that he had waived his objections and requesting that he revise his responses to withdraw the objections and produce responsive documents withheld on the basis of any of the untimely objections.
    d. Mr. Dolarian has never amended his responses, or responded to the letter.
2. SEI propounded a set of interrogatories on Mr. Dolarian on March 25, 2016. Each of the three interrogatories comprising the set concerned identification of financial institutions where Mr. Dolarian and/or Dolarian Capital, Inc. deposited, transferred, or stored monies paid by SEI.

  a. Mr. Dolarian failed to respond to the interrogatories.

  b. On May 16, SEI sent a meet-and-confer letter to Mr. Dolarian regarding his failure to respond, and requesting that he do so by May 27, 2016.

  c. Mr. Dolarian has never responded to the interrogatories, or responded to the letter.

3. SEI has unsuccessfully attempted to take Mr. Dolarian's deposition.

  a. On May 6, 2016, SEI served notice that it would take Mr. Dolarian's deposition on May 31 at SEI's counsel's office in Fresno. On May 11, SEI served an amended notice of deposition to correct a typographical error in the original notice regarding the time the deposition would begin.

  b. On May 22, Mr. Dolarian emailed a letter to SEI, stating that he had received a copy of the deposition notice, but advising that he was out of the country "on business" and would remain out of the country "until the middle of June and possible [*sic*] longer."

  c. On May 25, SEI responded to Mr. Dolarian's May 22 letter. In SEI's response, SEI explained that waiting until mid-June or longer to accommodate Mr. Dolarian's schedule would not work with the then-existing deadlines regarding discovery cut-offs. SEI proposed that the parties stipulate and seek an extension from the Court. Mr. Dolarian agreed, and the parties submitted a stipulation to the Court on June 3.

  d. On June 7, SEI resumed attempting to schedule Mr. Dolarian's deposition. Through an exchange of 10 emails, SEI repeatedly requested Mr. Dolarian's availability in July. SEI never received a straightforward response, but instead only a vague statement it would be "highly unlikely that [Mr. Dolarian would] be in the United States after 29 June."

  e. Because Mr. Dolarian failed to meaningfully participate in the meet-and-confer process, on June 28, SEI was forced to unilaterally set Mr. Dolarian's deposition on July 6. SEI served notice of the deposition by

       overnight delivery and by mail on June 28, and provided a courtesy copy by email on June 30. Mr. Dolarian personally signed the receipt for the overnight delivery package.

    f.  At 4:21 p.m. on July 5, Mr. Dolarian emailed purported "objections" to the notice of deposition and stated that he would not appear at the deposition. None of the objections were based on unavailability.

    g.  Immediately upon receipt of the "objections," SEI emailed Mr. Dolarian a letter informing Mr. Dolarian that his "objections" were frivolous and making clear that the deposition would proceed as scheduled at SEI's counsel's office in Fresno on July 6 at 9:30 a.m.; the same office in which Mr. Dolarian had previously served SEI with documents on at least two occasions.

    h.  Mr. Dolarian failed to appear at the deposition and SEI took his non-appearance on the record.

4. SEI has unsuccessfully attempted to take a Rule 30(b)(6) deposition of Dolarian Capital, Inc.

    a.  On May 6, 2016, SEI served notice on Mr. Dolarian that it would be serving a subpoena on Dolarian Capital, Inc., seeking to take the deposition of Dolarian Capital, Inc. (with production of documents). On May 11, SEI served an amended notice of service of subpoena to correct a typographical error in the original subpoena regarding the date and time the deposition would begin. The subpoena sought production of documents that Mr. Dolarian had previously refused to produce pursuant to the First Request for Production (based largely on the excuse that the documents were not in "his" possession personally).

    b.  On May 12, SEI hand served the amended subpoena on Mr. Dolarian personally, as the agent for service of process of Dolarian Capital, Inc.

  c. On May 22, Mr. Dolarian emailed a letter to SEI—using letterhead showing an address that Dolarian Capital, Inc. had already been evicted from—stating that he had received a copy of amended subpoena, but disputing that the amended subpoena had not been "served" on Dolarian Capital, Inc. Mr. Dolarian further advised that he was out of the country "on business" and would remain out of the country "until the middle of June and possible [*sic*] longer."

  d. On May 25, SEI responded to Mr. Dolarian's May 22 letter. In SEI's response, SEI explained (1) that the address in the header of Mr. Dolarian's letter was misleading in that SEI was aware Dolarian Capital, Inc. had been evicted and, moreover, use of that address was contrary to prior correspondence from Mr. Dolarian requesting service at his home address; (2) the subpoena had, in fact, been properly served by hand delivery to Mr. Dolarian personally; and (3) that waiting until mid-June or longer to accommodate Mr. Dolarian's schedule would not work with the then-existing deadlines regarding discovery cut-offs. SEI proposed that the parties stipulate and seek an extension from the Court. Mr. Dolarian agreed, and the parties submitted a stipulation to the Court on June 3.

  e. On June 7, SEI resumed attempting to schedule the deposition of Dolarian Capital, Inc. Through an exchange of 10 emails, SEI repeatedly requested (1) Mr. Dolarian's availability—as Dolarian Capital, Inc.'s presumable designee—in July, and (2) confirmation that Mr. Dolarian would not require SEI to hand serve Dolarian Capital, Inc. with a new subpoena. SEI never received a straightforward response on either issue, but instead only a vague statement it would be "highly unlikely that [Mr. Dolarian would] be in the United States after 29 June."

In sum, Mr. Dolarian has failed to meaningfully engage in the discovery process and has thereby prejudiced SEI's ability to prosecute this case. While SEI would prefer not to consume

scarce judicial resources with discovery disputes, SEI believes that judicial intervention may be the only way to keep this case moving forward and intends to file a motion to compel and for sanctions if the Mid-Discovery Status Conference cannot produce sufficient cooperation from Mr. Dolarian.

Dated: July 7, 2016

                                                KLEIN, DENATALE, GOLDNER
                                    COOPER, ROSENLIEB & KIMBALL, LLP

By: *Christopher E. Dominguez*
CHRISTOPHER E. DOMINGUEZ
Attorneys for Plaintiff SOCIETE D'EQUIPMENTS INTERNATIONAUX NIGERIA, LTD.

**CERTIFICATE OF SERVICE**

I, Laura Butterbredt, hereby declare:

I am employed in the County of Kern, California in the office of a member of the bar of this court whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is 4550 California Avenue, Second Floor, Bakersfield, California 93309.

On July 7, 2016, I caused the following document, described as:

**PLAINTIFF'S MID-DISCOVERY STATUS CONFERENCE REPORT**

to be served via United States Mail as follows:

| | |
|---|---|
| Dolarian Capital, Inc.<br>1284 W. Shaw Avenue, #102<br>Fresno, CA  93711 | Dolarian Capital, Inc.<br>2525 West Sierra<br>Fresno, CA 93711 |
| Ara G. Dolarian<br>1284 W. Shaw Avenue, #102<br>Fresno, CA  93711 | Ara G. Dolarian<br>2525 West Sierra<br>Fresno, CA 93711 |

I declare under penalty of perjury that the above is true and correct. Executed on July 7, 2016, in Bakersfield, California.

/s/ *Laura Butterbredt*
LAURA BUTTERBREDT

3J88626

1