ARA G. DOLARIAN
2525 West Sierra Avenue
Fresno, CA 93711
In Pro Per





JUL 2 6 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BY _____
DEPUTY CLERK

FRESNO DIVISION

| | |
|---|---|
| SOCIETE D'EQUIPMENTS INTERNATIONAUX NIGERIA, LTD., <br><br> Plaintiff <br><br> vs. <br><br> DOLARIAN CAPITAL, INC., Defendant AND ARA G. DOLARIAN Defendant/ | Case No.1:15-CV-01553 SKO <br><br> ARA G. DOLARIAN DECLARATION IN SUPPORT OF MOTION TO UNSEAL <br><br> Date: August 31, 2016 <br> Time: 8:15 A.M <br> Location: Court Room 7 <br> US Courthouse, Fresno Ca. |

I, Ara G. Dolarian, do declare:

1. I am the defendant in the above action.

2. I seek an order to unseal the Seizure Affidavit and all documents filed by the government in support of the Seizure Warrant. (Exhibit A)

3. The government served the Seizure Warrants on three banks on or about February 3, 4, or 5th, 2015.

4. The money seized by the government was all of the funds provided by Plaintiff.

5. Following the seizure, the government commenced Civil Asset Forfeiture of the monies seized. (Exhibit B).

6. However, without notice or even service of the paperwork, the government obtained an extension of time to file the forfeiture action. As of the date of this declaration, the government has made no effort to secure title to the seized funds.

7. Following the seizure of the funds, Plaintiff filed this action to recover judgment against Dolarian Capital and Ara G. Dolarian for the funds wired to the company for the goods. Dolarian Capital did not purchase nor attempt to supply the goods because the US

1 Department of State did not issue approval for the transaction. Such approval is required

2 by International Traffic in Arms Regulations, 22 CFR120-130. See the Arms Export

3 Control Act 22 U.S.C. 2778.

4 8. In order to defend myself in the civil action, it is necessary that I have access to the

5 Seizure Warrant affidavit and supporting documents. It is my contention in the civil

6 action that the contract in question was illegal as defined by California law in that

7 consideration for the contract (the funds provided by Plaintiff) were and are illegal. See

8 California Civil Code §1708.

9 9. I am filing a motion for summary judgment in the civil action and therefore need this

10 information. As the motion is set for hearing on August 24th, I am requesting the court to

11 issue the order unsealing the Seizure Warrant Affidavit and supporting documents

12 ExParte.

13 10. I have given notice to the U.S. Attorney's office for the Eastern District (Asst U.S.

14 Attorney Rabenn) and to the opposing counsel.

15 I declare under penalty of perjury the foregoing is true and correct and this declaration is

16 dated July 25, 2016 at Fresno, California.

Ara G. Dolarian

# Exhibit A

# ORIGINAL

AO 109 (Rev. 2/92) Seizure Warrant

# United States District Court

_____**EASTERN**_____ District of _____**CALIFORNIA**_____

In the Matter of the Seizure of

(Name, address or brief description of person, property or premises to be seized)

**SEIZURE WARRANT**

**SEALED** ~~CASE~~ NUMBER:

The balance of funds maintained at Citibank Checking Account
Number #205912785 titled in the name of "Arthur Ave. Consulting,
Inc." in an amount not to exceed $350,000.00

1: 1 5 SW   0 0 0 2 - GSA

TO, Jeremy Kiser and any Authorized Officer of the United States

Affidavit(s) having been made before me by Jeremy Kiser who has reason to believe
Affiant

in the _____**EASTERN**_____ District of _____**CALIFORNIA**_____ there
is now certain property which is subject to forfeiture to the United States, namely  (describe the property to be seized)

**The balance of funds maintained at Citibank Checking Account Number #205912785 titled in the name of "Arthur
Ave. Consulting, Inc." in an amount not to exceed $350,000.00**

I am satisfied that the affidavit(s) and any record testimony establish probable cause to believe that the property so described
is subject to seizure and that grounds exist for the issuance of this seizure warrant.

YOU ARE HEREBY COMMANDED to seize within 14 days the property specified, serving this warrant and making the
seizure in the daytime — 6:00 AM to 10:00 P.M., leaving a copy of this warrant and receipt for the property seized, and prepare a
written inventory of the property seized and promptly return this warrant to
_____Any U.S. Magistrate in the Eastern District of California_____ as required by law.
U.S. Judge or Magistrate

2/2/15 @ 10:30 AM at    Fresno, California
Date and Time Issued                                         City and State

Gary S. Austin, U.S. Magistrate Judge            _____
Name and Title of Judicial Officer                       Signature of Judicial Officer

AO 109 (Rev. 2/90) Seizure Warrant

# ORIGINAL
## United States District Court

_____ **EASTERN** _____ District of _____ **CALIFORNIA** _____

In the Matter of the Seizure of

**SEIZURE WARRANT**

(Name, address or brief description of person, property or premises to be seized)

**CASE NUMBER:**

**The balance of funds maintained at Bank of America Savings Account Number #325016557963 titled in the name of "Martel 3D, LLC" in an amount not to exceed, $2,296,091.82**

4 1 5 SW   0 0 0 25 CONT

TO, <u>Jeremy Kiser</u> and any Authorized Officer of the United States

Affidavit(s) having been made before me by Jeremy Kiser who has reason to believe

**Affiant**

in the _____ **EASTERN** _____ District of _____ **CALIFORNIA** _____ there

is now certain property which is subject to forfeiture to the United States, namely (describe the property to be seized)

**The balance of funds maintained at Bank of America Savings Account Number #325016557963 titled in the name of "Martel 3D, LLC" in an amount not to exceed, $2,296,091.82**

I am satisfied that the affidavit(s) and any record testimony establish probable cause to believe that the property so described is subject to seizure and that grounds exist for the issuance of this seizure warrant.

YOU ARE HEREBY COMMANDED to seize within 14 days the property specified, serving this warrant and making the seizure in the daytime — 6:00 AM to 10:00 P.M., leaving a copy of this warrant and receipt for the property seized, and prepare a written inventory of the property seized and promptly return this warrant to

_____ Any U.S. Magistrate in the Eastern District of California _____ as required by law.
U.S. Judge or Magistrate

2/2/15 at 10: 31 AM   at   Fresno, California
Date and Time Issued                                 City and State

Gary S. Austin, U.S. Magistrate Judge
Name and Title of Judicial Officer                   Signature of Judicial Officer

AO 109 (Rev. 2/90) Seizure Warrant

# ~~ORIGINAL~~

# United States District Court

__EASTERN__ District of __CALIFORNIA__

In the Matter of the Seizure of

(Name, address or brief description of person, property or premises to be seized)

The balance of funds maintained at Bank of America Checking
Account Number #000577161654 titled in the name of "Martel 3D,
LLC" in an amount not to exceed, $330,763.70

**SEIZURE WARRANT**

CASE NUMBER:

**SEALED** 15 SW 00 0 21 GSA

TO, __Jeremy Kiser__ and any Authorized Officer of the United States

Affidavit(s) having been made before me by Jeremy Kiser who has reason to believe
**Affiant**

in the __EASTERN__ District of __CALIFORNIA__ there
is now certain property which is subject to forfeiture to the United States, namely  (describe the property to be seized)

**The balance of funds maintained at Bank of America Checking Account Number #000577161654 titled in the name
of "Martel 3D, LLC" in an amount not to exceed, $330,763.70**

I am satisfied that the affidavit(s) and any record testimony establish probable cause to believe that the property so described
is subject to seizure and that grounds exist for the issuance of this seizure warrant.

YOU ARE HEREBY COMMANDED to seize within 14 days the property specified, serving this warrant and making the
seizure in the daytime — 6:00 AM to 10:00 P.M., leaving a copy of this warrant and receipt for the property seized, and prepare a
written inventory of the property seized and promptly return this warrant to
_____Any U.S. Magistrate in the Eastern District of California_____ as required by law.
U.S. Judge or Magistrate

2/2/15 @ 10:3 AM at Fresno, California
Date and Time Issued                      City and State

Gary S. Austin, U.S. Magistrate Judge
Name and Title of Judicial Officer                      Signature of Judicial Officer

AO 109 (Rev. 2/90) Seizure Warrant

# ORIGINAL

# United States District Court

__EASTERN__ District of __CALIFORNIA__

In the Matter of the Seizure of

(Name, address or brief description of person, property or premises to be seized)

## SEIZURE WARRANT

CASE NUMBER:

The balance of funds maintained at Citibank Money Market Account
Number #206054579 titled in the name of "Arthur Ave. Consulting,
Inc." in an amount not to exceed, $4,000,000.00

1 1 5 SW   0 0 0 2 3 GSA

TO, __Jeremy Kiser__ and any Authorized Officer of the United States

Affidavit(s) having been made before me by Jeremy Kiser who has reason to believe

Affiant

in the __EASTERN__ District of __CALIFORNIA__ there
is now certain property which is subject to forfeiture to the United States, namely (describe the property to be seized)

**The balance of funds maintained at Citibank Money Market Account Number #206054579 titled in the name of "Arthur Ave. Consulting, Inc." in an amount not to exceed, $4,000,000.00**

I am satisfied that the affidavit(s) and any record testimony establish probable cause to believe that the property so described
is subject to seizure and that grounds exist for the issuance of this seizure warrant.

YOU ARE HEREBY COMMANDED to seize within 14 days the property specified, serving this warrant and making the
seizure in the daytime — 6:00 AM to 10:00 P.M., leaving a copy of this warrant and receipt for the property seized, and prepare a
written inventory of the property seized and promptly return this warrant to
__Any U.S. Magistrate in the Eastern District of California__ as required by law.

U.S. Judge or Magistrate

2/2/15    10:30 AM    at    Fresno, California
Date and Type Issued                           City and State

Gary S. Austin, U.S. Magistrate Judge
Name and Title of Judicial Officer          Signature of Judicial Officer

Exhibit B



CERTIFIED MAIL

7009 0960 0000 4503 8498

**U.S. Customs and Border Protection**

555 BATTERY STREET, ROOM 2
SAN FRANCISCO, CA 94111

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

ARA DOLARIAN
2525 WEST SIERRA
FRESNO, CALIFORNIA 93711

$ 06.69⁰
02 1R
0000012340    MAR 04 2015
MAILED FROM ZIP CODE 94111



**U.S. Customs and Border Protection**

U.S. Department of Homeland Security
*U.S. Customs and Border Protection*
Port Director
555 Battery Street
San Francisco, CA 94111-2316

### NOTICE OF SEIZURE AND INFORMATION TO CLAIMANTS CAFRA FORM

MAR 0 4 2015

**CERTIFIED - RETURN RECEIPT REQUESTED 7009 0960 0000 4503 8498**

Ara Dolarian
2525 West Sierra
Fresno, California 93711

Re: Case Number 2015-2803-000036-01

Dear Ara Dolarian:

This is to notify you that U.S. Customs and Border Protection (CBP) seized the property described below from Bank of America Checking Account #000577161654 titled in the name of "Martel 3D, LLC" on February 9, 2015:

$120,883.59 (Bank of America Check #9495805515)

The property was seized and is subject to forfeiture pursuant to Title 18, United States Code (U.S.C.) §§ 981(b) and 981(a)(1)(C) and 28 U.S.C. § 2461 for violation of 22 U.S.C. § 2278 (arms control regulations).

The facts available to CBP indicate that you have an interest in the seized property. The purpose of this letter is to advise you of the options available to you concerning this seizure. Two important documents—an "Election of Proceedings" form and a "Seized Asset Claim" form—are enclosed with this letter. You must choose one of the options outlined below, indicate your choice on the "Election of Proceedings" form, and return it, and any other necessary documents, to CBP within the allotted time frame (see options below).

Your options are as follows:

1. **Petition:** You may file a petition with this office within 30 days from the date of this letter in accordance with Title 19, United States Code (U.S.C.), Section 1618 and Title 19, Code of Federal Regulations (C.F.R.), Sections 171.1 and 171.2 (19 C.F.R. §§ 171.1, 171.2), seeking the remission of the forfeiture. The petition does not need to be in any specific form, but it must describe the property involved, identify the date and place of the seizure, include all the facts and circumstances which you believe warrant relief from forfeiture and must include proof of your interest in or claim to the property. Examples of proof of interest include, but are not limited to, a car title, loan agreement, or documentation of the source of funds. If you choose this option, you must check **Box 1** on the "Election of Proceedings" form.

By completing Box 1 on the "Election of Proceedings" form, you are requesting administrative processing. You are requesting that CBP refrain from beginning forfeiture proceedings while your petition is pending or that CBP halt forfeiture proceedings if they have already commenced.

If you choose to file an administrative petition and are dissatisfied with the petition decision (initial petition or supplemental petition), you will have an additional 60 days from the date of the initial petition decision, or 60 days from the date of the supplemental petition decision, or such other time as specified by the Fines, Penalties and Forfeitures Officer to file a claim to the property requesting a referral to the U.S. Attorney. If you do not act within these time frames, the property may be administratively forfeited to the United States. You may also request a referral to the U.S. Attorney at any point prior to the issuance of a petition decision by filing a claim. *Please see section 4 of this letter for information on how to request judicial action.* If you take such action after filing a petition for relief, your pending petition will be withdrawn from consideration.

If you request a referral to the U. S. Attorney or if another person asserting an interest in the same property chooses a referral to the U. S. Attorney, the matter will be referred to the U.S. Attorney who will have the authority to file a forfeiture action against the property in federal court pursuant to Title 18, U.S.C., Section 983(a)(3) (19 U.S.C. § 983(a)(3)).

If upon receipt of your petition, the matter has already been referred to the U.S. Attorney's Office for the institution of judicial forfeiture proceedings, your petition will be forwarded to the U.S. Attorney's Office for consideration.

2. **Offer in Compromise:** At any time prior to forfeiture, you may file an offer in compromise in accordance with 19 U.S.C. § 1617 and 19 C.F.R. §§ 161.5, 171.31. The offer must specifically state that you are making it under the provisions of 19 U.S.C. § 1617. If you are offering money in settlement of the case, you must include payment (bank draft, cashier's check or certified check, drawn on a U.S. financial institution, and made payable to CBP) in the amount of your offer. CBP may only consider the amount of your offer and will return the full offer if it is rejected. *This option may serve to delay the case.* If you choose this option, you must check Box 2 on the "Election of Proceedings" form.

If you choose to submit an offer in compromise and are dissatisfied with the offer decision, you will have an additional 30 days from the date of the offer decision to file a claim requesting a referral for judicial action. If you do not act within the additional 30 days, the property may be forfeited to the United States.

You may also request a referral for judicial action at any point prior to the issuance of the offer decision by fully completing the enclosed "Seized Asset Claim" form or by otherwise submitting a complete judicial claim consistent with the requirements under

18 U.S.C. § 983(a)(2)(C). If you take such action, your petition or offer will be considered to have been withdrawn.

If, upon receipt of your offer, the matter has already been referred to the U.S. Attorney's Office for the institution of judicial forfeiture proceedings, your offer will be forwarded to the U.S. Attorney's Office for consideration as an offer in settlement of the judicial action, as appropriate.

3. **Abandon:** You may abandon the property or state that you have no claim to or interest in it. If you choose this option, you should check Box 3 on the "Election of Proceedings" form. The Government may proceed with forfeiture proceedings or address claims from other parties concerning the property, without further involving you.

4. **Court Action:** On or before April 15, 2015, you may request referral of this matter to the U.S. Attorney, who will have the authority to file a forfeiture action against the property in federal court pursuant to 18 U.S.C. § 983(a)(3). If you choose this option, you should check Box 4 on the "Election of Proceedings" form, and fully complete the enclosed "Seized Asset Claim" form or otherwise submit a complete judicial claim as required by 18 U.S.C. § 983(a)(2)(C).

**Take No Action:** If you choose to do nothing, this office may initiate forfeiture action. The first notice will be posted on or about 35 days from the date of this letter.

For property appraised in excess of $5,000, CBP will post notice of seizure and intent to forfeit on the internet at www.forfeiture.gov for 30 consecutive days.

For property appraised at $5000 or less, CBP will post a notice of seizure and intent to forfeit in a conspicuous place accessible to the public at the customhouse or Border Patrol sector office (where appropriate) nearest the place of seizure as well as on the internet at www.forfeiture.gov for 30 consecutive days.

**Release on Payment:** If the seized merchandise is not, by law, prohibited from entry into the commerce of the United States, you may, within 30 days of this letter, submit an offer to pay the full appraised domestic value of the seized property accompanied by the full payment (bank draft, cashier's check or certified check, drawn on a U.S. financial institution, and made payable to CBP) or an irrevocable letter of credit in accordance with 19 U.S.C. § 1614 and 19 C.F.R. § 162.44.

If CBP accepts your offer to substitute release of the seized property on payment, the property will be immediately released, and the payment or letter of credit will be substituted for the seized property. You may still submit a petition, offer in compromise, or request that the matter be referred to the U.S. Attorney's Office and you must check the appropriate box on the "Election of Proceedings" form. The decision letter on your offer will provide you with the time frames for those options.

If, upon receipt of your offer, the matter has already been referred to the U.S. Attorney's Office for the institution of judicial forfeiture proceedings, your offer will be forwarded to the U.S. Attorney for consideration.

**Holder of a Lien or Security Interest:** If you are a holder of a lien or security interest and you do not file a request for court action (option 4 above), you may avail yourself of any of the other enumerated options. No relief will be granted to you until after forfeiture, unless your petition, offer or request is accompanied by an agreement to hold the United States, its officers and employees harmless, and a release from the registered owner and/or person from whom the property was seized.

All accompanying documents must be in the English language or accompanied by an English language translation and submitted in duplicate.

No matter which box you check on the "Election of Proceedings" form, you should sign, date and return the form, along with any petition, offer in compromise, or request for judicial proceedings, if those documents are necessary to support the option you choose. *A "Seized Asset Claim" form should only be completed, signed, and returned if you make a claim and ask for the case to be referred for judicial forfeiture.* Important: If these forms are not enclosed with this letter, please promptly call the telephone number below.

All correspondence should be addressed to U.S. Customs and Border Protection, 555 Battery Street, Room 304, San Francisco, California 94111. If further information is required, contact Carol Williams at Fines, Penalties and Forfeitures Office at 415-782-9255. All inquiries should reference the case number.

Sincerely,

Russell Holsopple
Fines, Penalties and Forfeitures Officer

Enclosures: Election of Proceedings -- CAFRA Form
CAFRA Seized Asset Claim Form

A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. § 1001 AND/OR 18 U.S.C. § 1621, AND MAY BE PUNISHABLE BY A FINE AND IMPRISONMENT

## ELECTION OF PROCEEDINGS - CAFRA FORM

NOTE: READ THE ATTACHED NOTICE OF SEIZURE AND INFORMATION FOR CLAIMANTS BEFORE YOU FILL OUT THIS FORM. THIS FORM SHOULD BE COMPLETED AND RETURNED TO U.S. CUSTOMS AND BORDER PROTECTION (CBP) at 555 Battery Street, Room 304, San Francisco, California 94111.

I understand that property in which I have an interest has been seized by CBP/U.S. Immigration and Customs Enforcement (ICE) under case number 2015-2803-000036-01.

Check ONLY ONE (1) of the following choices:

☐ **1. I REQUEST THAT CBP CONSIDER MY PETITION ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My petition is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the petition decision; or, if I choose to file a supplemental petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the supplemental petition decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my petition will stop and the case will be sent to the United States Attorney's Office for judicial forfeiture proceedings.

☐ **2. I REQUEST THAT CBP CONSIDER MY OFFER IN COMPROMISE ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My offer is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my offer, my deadline for filing a claim is 30 days from the date of the decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my offer will stop and the case will be sent for judicial forfeiture proceedings.

☐ **3. I ABANDON ANY CLAIM OR INTEREST I MAY HAVE IN THE PROPERTY.** I understand that no additional notice about future proceedings concerning the property will be provided to me.

☐ **4. I AM FILING A CLAIM AND REQUESTING THAT CBP REFER THE CASE FOR COURT ACTION.** Please send the case to the U.S. Attorney for court action. I have fully completed, signed and attached a "Seized Asset Claim" form. I understand that if I have not fully completed this form, or otherwise made a proper claim and request for judicial forfeiture pursuant to 18 U.S.C. § 983(a)(2)(C) within 35 days after the date the notice of seizure was mailed, CBP will treat any submission as a petition for relief without the ability to seek future judicial forfeiture proceedings.

_____          _____
Name (Print)                     Date


_____
Signature

## U.S. CUSTOMS AND BORDER PROTECTION
## CAFRA SEIZED ASSET CLAIM FORM

Name: _____     Case Number: _____

Address: _____     Telephone No: ( )  _____

_____

**IMPORTANT: BE SURE TO COMPLETE ALL PARTS BELOW. THIS CLAIM FORM MUST BE SIGNED BY THE CLAIMANT HIS OR HER SELF, <u>NOT</u> BY THE ATTORNEY OR OTHER REPRESENTATIVE ACTING ON BEHALF OF THE CLAIMANT.**

As authorized by 18 U.S.C. § 983(a)(2)(A), I request that the Government file a complaint for forfeiture on the seized property described below:

## PART I

List all the items in which you claim an interest. Include sufficient information to identify the items, such as serial numbers, make and model numbers, aircraft tail numbers, photographs, and so forth. Attach additional sheets of paper if more space is needed.

## PART II

State your interest in each item of property listed above. Attach additional sheets of paper if more space is needed.

## PART III (ATTESTATION AND OATH)

I attest and declare *under penalty of perjury* that the information provided in support of my claim is true and correct to the best of my knowledge and belief.


_____          _____
Name (Print)                                           Date


_____
Signature

A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. § 1001 AND/OR 1621 AND IS PUNISHABLE BY A FINE AND UP TO FIVE YEARS IMPRISONMENT.

## ELECTION OF PROCEEDINGS - CAFRA FORM

NOTE: READ THE ATTACHED NOTICE OF SEIZURE AND INFORMATION FOR CLAIMANTS BEFORE YOU FILL OUT THIS FORM. THIS FORM SHOULD BE COMPLETED AND RETURNED TO U.S. CUSTOMS AND BORDER PROTECTION (CBP) at 555 Battery Street, Room 304, San Francisco, California 94111.

I understand that property in which I have an interest has been seized by CBP/U.S. Immigration and Customs Enforcement (ICE) under case number 2015-2803-000036-01.

Check ONLY ONE (1) of the following choices:

☐ 1. **I REQUEST THAT CBP CONSIDER MY PETITION ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My petition is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the petition decision; or, if I choose to file a supplemental petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the supplemental petition decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my petition will stop and the case will be sent to the United States Attorney's Office for judicial forfeiture proceedings.

☐ 2. **I REQUEST THAT CBP CONSIDER MY OFFER IN COMPROMISE ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My offer is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my offer, my deadline for filing a claim is 30 days from the date of the decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my offer will stop and the case will be sent for judicial forfeiture proceedings.

☐ 3. **I ABANDON ANY CLAIM OR INTEREST I MAY HAVE IN THE PROPERTY.** I understand that no additional notice about future proceedings concerning the property will be provided to me.

☑ 4. **I AM FILING A CLAIM AND REQUESTING THAT CBP REFER THE CASE FOR COURT ACTION.** Please send the case to the U.S. Attorney for court action. I have fully completed, signed and attached a "Seized Asset Claim" form. I understand that if I have not fully completed this form, or otherwise made a proper claim and request for judicial forfeiture pursuant to 18 U.S.C. § 983(a)(2)(C) within 35 days after the date the notice of seizure was mailed, CBP will treat any submission as a petition for relief without the ability to seek future judicial forfeiture proceedings.

_____     _24 March 2015_
Name (Print)                          Date

_____
Signature

## U.S. CUSTOMS AND BORDER PROTECTION
## CAFRA SEIZED ASSET CLAIM FORM

Name: _Ara G. Dolarian_   Case Number: _2015-2803-000036-01_

Address: _2525 W. Sierra_   Telephone No: ( _559_ ) _285-1924_

_Fresno  Ca 93711_

### IMPORTANT: BE SURE TO COMPLETE ALL PARTS BELOW.
### THIS CLAIM FORM MUST BE SIGNED BY THE CLAIMANT HIS OR HER SELF, NOT BY
### THE ATTORNEY OR OTHER REPRESENTATIVE ACTING ON BEHALF OF THE
### CLAIMANT.

As authorized by 18 U.S.C. § 983(a)(2)(A), I request that the Government file a complaint for forfeiture on the seized property described below:

## PART I  — See Attachment

List all the items in which you claim an interest. Include sufficient information to identify the items, such as serial numbers, make and model numbers, aircraft tail numbers, photographs, and so forth. Attach additional sheets of paper if more space is needed.

## PART II   See Attached

State your interest in each item of property listed above. Attach additional sheets of paper if more space is needed.

## PART III (ATTESTATION AND OATH)

I attest and declare *under penalty of perjury* that the information provided in support of my claim is true and correct to the best of my knowledge and belief.

_Ara G. Dolarian_                    _24 March 2015_
Name (Print)                         Date

_[Signature]_
Signature

A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. § 1001 AND/OR 1621 AND IS PUNISHABLE BY A FINE AND UP TO FIVE YEARS IMPRISONMENT.

Attachment to US Customs and Border Protection CAFRA
Seized Asset Claim Form
Claim #:2015-2803-000036-01.

Part I:  I claim an interest all of the funds seized from Bank of America Checking
Account #000577161654 in the name of Martel 3D, LLC in the sum of
$120,883.59.


Part II: Martel 3D, LLC is a wholly owned subsidiary of Dolarian Capital, Inc.  As
President of Dolarian Capital, Inc. and the Managing Member, Dolarian Capital,
Inc. I make this claim on behalf of the Martel 3D, LLC.  Enclosed is a copy of the
Martel 3D Operating Agreement as of November 2010 showing that Dolarian
Capital, Inc. is the sole member of the Limited Liability Company.  Ara G.
Dolarian is the managing member for the Limited Liability Company.

## OPERATING AGREEMENT
## MARTEL 3D, LLC

This Operating Agreement dated November 22, 2010 by the sole member Dolarian Capital, Inc. ("Sole Member").   The Member has formed a limited liability company pursuant to the laws of the State of California as follows:

## ARTICLE I
## The LIMITED LIABILITY COMPANY

**Section 1.1.  Formation.** A limited liability company (the "Company") subject to the provisions of the Beverly-Killea Limited Liability Company Act of California (the "Act") as currently in effect has been formed under the Act.

**Section 1.2.  Filing.**  In connection with the execution of this Operating Agreement, the Member has caused Articles of Organization (as in effect from time to time, the "Articles") that comply with the Act to be properly filed with the California Secretary of State, and will execute such further documents (including amendments to the Articles) and take such further action as is appropriate to comply with the requirements of law for the formation and operation of a limited liability company in all places where the Company may conduct its business.

**Section 1.3.  Name.** The name of the Company is MARTEL 3D, LLC.

**Section 1.4.  Registered Office; Agent.**  The Agent for process of service shall be MaryAnn Dolarian whose address for service is 2525 W. Sierra, Fresno, California 93711. The company may have such offices as the Member may determine within or without the State of California and any such office may be the Company's principle place of business as determined by the Member.

**Section 1.5.  Duration; Events of Dissolution.**  The Company shall be dissolved on the date set forth in the Articles, unless sooner dissolved by:

(a.) The happening of events specified in the Articles or this

1

Agreement;

    (b.)  The affirmative vote of all Member.

    (c.)  Any event that makes it unlawful for the business of the Company to be carried on by the Member.

    **Section 1.6.  Continuance of the Company.**  The Company will not be dissolved if:

    (a.) There is a replacement Member who is not the subject of the event ("remaining Member"), and

    (b.)  Within 90 days after the occurrence of that event, the Member votes to continue the business of the Company.

    If the Member fails to vote to continue the business as provided in clause (b.), above, at or before the expiration of such 90-day period, the Company's affairs shall be wound up as provided in Article 8.

    **Section 1.7.  Character of Business.**  The business of the Company is to transact any and all business for which Limited Liability companies may be formed under California law.

    **Section 1.8. Definitions.**  As used in this Agreement, the following terms have the following meanings:

    "Code" means the Internal Revenue Code of 1986, as it may be amended or superseded from time to time.

    "Economic Interest" has the meaning set forth in Section 1700(n) of the Act.

    "Profits" and "Losses" means respectively, for each fiscal year or other period, an amount equal to the Company's taxable income or loss for such year or period.

    "Sharing Ratio" as set forth in Section 2.1 in current profits.

## ARTICLE 2
## MEMBER

**Section 2.1.  Names, Addresses, Contributions, Sharing Ratios, and Capital**

2

**Accounts of Member.** The name, full business or residence street address, initial cash contribution, and Sharing Ratio of each Member are as follows:

| Name | Address | Initial Cash Contribution | Sharing Ratio |
|---|---|---|---|
| Dolarian Capital, Inc. | 1284 W Shaw Ave Suite 102 Fresno, Ca 93705 | $1,200,000 | 100% |

If a person becomes a Member by admission pursuant to action of the Member or as a Member's assignee who becomes a Member of the Company as provided in Article 8, that person becomes a party to this agreement by executing and delivering to the Member a supplement to this Agreement in such form as the Member prescribe. The supplement shall show: (a.) the full name and business or residence street address of the new Member; (b) the cash contribution, if any, to be made by the new Member; (c.) the Sharing Ratio of the new Member; and (d) any adjustments in the Sharing Ratios of other Member resulting from the admission of the new Member. By executing and delivering the supplement, the new Member becomes a party to this Agreement without further action.

**Section 2.2. Additional Contributions.** No Member will be obligated to make any additional contribution to the Company. No Member may make an additional contribution to the Company. No Member may make an additional contribution to the Company without the prior written consent of all other Member.

**Section 2.3. Capital Accounts.** A Capital Account shall be maintained for each Member. The Capital Account of each Member will be credited initially with the amount of cash contributed to the Company by that member. Thereafter, each Member's Capital Account will be credited with that Member's share of Profits and the amount of any additional cash contributed to the Company by that Member, and will be debited with that Member's share of Losses and the amount of any cash distributed to that Member.

3

## ARTICLE 3
## PROFITS, LOSSES AND DISTRIBUTIONS

**Section 3.1. Profits and Losses**. The Profits and Losses of the Company shall be allocated to the Member in accordance with their Sharing Ratios.

**Section 3.2. Distributions.** As determined by the Member, the Member shall distribute available funds to the Member in proportion to the Sharing Ratio.

## ARTICLE 4
## MANAGEMENT

**Section 4.1.   Member.**   The liability of the Member shall be limited as provided in the Act, which generally provides that no Member is personally liable for the debts, obligations, or liabilities of the Company.

**Section 4.2.   Authority of Member.**  Except as otherwise provided in this section or section 4.4, the Member has appointed Ara Dolarian as the Managing Member (Manager) with the exclusive authority to manage the operations and affairs of the Company and to make all decisions regarding the Company and its business. The signature of the Manager authorized is sufficient to bind the Company with respect to the matter or matters so approved. The Company will not be required to hold meetings to make management decisions but may do so if and as desired and appropriate, as provided by section 4.5.

**Section 4.3. Other Activities; Affiliates.** The Manager will not be required to manage the Company as her sole and exclusive function and may have other business interests and may engage in other activities in addition to those relating to the Company, including the making or management of other investments.

**Section 4.4.   Certain Decisions.**  So long as there is a single Member, all decisions shall be made by the Manager. If additional members are admitted, the following will then apply: Except as otherwise provided below in this section, decisions shall be made by a majority measured by Sharing Ratios of all Members, as provided in section 4.2.

4

Notwithstanding the foregoing, however, to the fullest extent permitted by law, the following matters require the mutual agreement of all the Members:

    (a.)    A change in the purposes or the nature of the business of the Company;

    (b.)    The admission or withdrawal of a Member or a change in their Sharing Ratios in any manner other than in accordance with this Agreement;

    (c.)    the dissolution of the Company other than in accordance with this Agreement;

    (d.)    Any amendment to this Agreement;

    (e.)    Any purchase of capital assets or other properties for the Company in excess of Ten Thousand Dollars ($10,000.00);

    (f.)    Changes in tax elections and accounting policies of the Company.

**Section 4.5. Meetings and Consents of Member.** Actions by the Manager may be taken at meetings, by written consent of the Manager, or otherwise as agreed. If action is taken at a meeting, an appropriate record of the action shall be made and retained in the Company's records. If the action is by written consent, executed copies shall be maintained in the Company's records. Meetings may be called by the Manager or the Member. Reasonable notice shall be given of any meeting. Notice is reasonable if it specifies briefly the nature of the matters to be presented at the meeting, and is sent or delivered in a manner that in the ordinary course of business would be received not less than one (1) day prior to the meeting.

**Section 4.6. Information Relating to the Company.** Any Member is entitled to receive any information regarding the Company or its activities. Each Member or authorized representative shall have access to and may inspect and copy all books, records, and materials regarding the Company or its activities. The exercise of the rights contained in this section 4.6 shall be at the requesting Member's expense.

**Section 4.7. Exculpation.** No act or omission of a Member, the effect of which may cause or result in loss or damage to the Company or the Member if done in good

5

faith to promote the best interests of the Company, shall subject the Member acting or failing to act to any liability to the Member.

Section 4.8. Records at Principal Place of Business. The company shall keep at its principal place of business the following:

(a.) A current list in alphabetical order of the full name and last known business or residence street address of each Member and each holder of an Economic Interest in the Company, together with the contribution and share in profits and losses of each Member and holder of Economic Interest;

(b.) A copy of the Articles and all amendments thereto, together with executed copies of any powers of attorney pursuant to which the Articles any certificates of amendment has been executed;

(c.) Copies of the Company's federal, state, and local income tax returns and reports, if any, for the six most recent years;

(d.) A copy of this Agreement;

(e.) Copies of any financial statements of the Company for the six most recent years; and

(f.) The books and records of the Company as they relate to its internal affairs for at least the current and past four fiscal years.

## ARTICLE 5
## COMPENSATION

Section 5.1. Compensation. Unless otherwise specifically agreed by the Member, no Member shall receive any payment or compensation for performance or obligations under this Agreement or for management services to the Company. The Manager may be paid for performance of her duties.

Section 5.2. Reimbursement of Expenses. Subject to reasonable regulations approved by the Manager, the Company shall reimburse the Manager and the Member for all reasonable direct out-of-pocket expenses incurred by them in managing the Company.

6

# ARTICLE 6
# ACCOUNTS

**Section 6.1. Books.** Complete and accurate books of account of the Company's affairs shall be maintained at the Company's principal place of business. These books shall be kept on an accounting method acceptable for tax or other applicable regulatory purposes. The Company's accounting period is the calendar year.

**Section 6.2. Reports.** The books of account shall be closed promptly after the close of each calendar year. Each Member shall promptly be sent a statement of the Member's distributive share of income and expense for federal income tax reporting purposes.

# ARTICLE 7

## TRANSFERS; NEW MEMBER

**Section 7.1. Assignment.** A Member's interest in the Company may be assigned only with the consent of other Members, if such additional member has been admitted.

**Section 7.2. Substitution of Transferee as Member.** Notwithstanding anything to the contrary in this Agreement, no transferee, assignee, purchaser, designee, or legal representative of a Member may become a Member without the consent of all the admitted Members. If consent is not granted, the transferee, assignee, purchaser, designee, or legal representative of a Member, except as otherwise required by law, shall have no right to participate in the management of the business and affairs of the Company and shall be entitled only to receive the Economic Interest to which that Member would otherwise be entitled and which was assigned.

As further conditions to admission as a Member any transferee, assignee, purchaser, designee, or legal representative of a Member shall (a) execute and deliver such

7

instruments, in form and substance satisfactory to the Member, as the Member deem necessary or desirable to cause the transferee to become a Member including the supplement to this Agreement referred to in section 1.9, and (b) pay all reasonable expenses in connection with admission as a Member, including but not limited to the cost of preparation and filing of any supplement to this Agreement referred to above and any other amendment of this Agreement or the Articles or of taking any other action necessary or desirable in connection therewith.

Section 7.3. Admission of New Member. Additional persons may be admitted as a Member of the Company upon the affirmative vote of the Member or Members as applicable. Concurrently with admission of a person as a Member, that new Member shall execute and deliver the supplement described in section 2.1.

## ARTICLE 8
## DISSOLUTION AND TERMINATION

Section 8.1. Final Accounting. In case of the Company's dissolution, a proper accounting shall be made from the date of the last previous accounting to the date of dissolution.

Section 8.2. Omitted.

Section 8.3. Liquidation. On the Company's dissolution and, if applicable, the failure of any remaining Member (s) to continue the Company as provided in section 1.6, the then remaining Member or Members or a person selected by a majority measured by Sharing Ratios of the Member shall act as liquidator to wind up the company. The person acting as liquidator shall act in accordance with Chapter 8 of the Act. The liquidator shall have full power and authority to sell, assign, and encumber any or all of the Company's assets and to wind up and liquidate the Company's affairs in an orderly and prudent manner. The liquidator shall distribute all proceeds from liquidation to the Member, after payment or provision for all obligations of the Company, in accordance with their Sharing Ratios.

Section 8.4. Distribution in Kind. If the Member (s), or the liquidator, with

8

the consent of a majority measured by Sharing Ratios of all Member (s), determines that a portion of the Company's assets should be distributed in kind to the Member, the liquidator shall distribute the same to the Member (s) in undivided interests as tenants in common in proportion to their Sharing Ratios.

Section 8.5. Certificates of Dissolution and Cancellation. Upon dissolution of the Company, if and as required by the Act, the Member (s) shall cause a certificate of dissolution to be filed pursuant to Section 17356 of the Act. On completion of the Company's winding up and distribution of its assets, the Company shall be terminated, and a majority measured by Sharing Ratios of all Member (a) shall cause a certificate of dissolution and a certificate of cancellation of articles to be filed as required by Chapter 8 of the Act and take such other actions as may be necessary to terminate the Company.

## ARTICLE 9 – Omitted

## ARTICLE 10
## NOTICES

Section 10.1. Entire Agreement. This Operating Agreement contains the entire agreement among the parties, except as otherwise expressly provided in this Agreement, may not be amended and no rights hereunder be waived except by an instrument in writing signed by the party sought to be charged with such amendment or waiver; will be construed in accordance with, and governed by, the laws of California; and is binding on and inures to the benefit of the parties and their respective personal representatives, successors, and assigns, except as above set forth. No document that purports to amend, supplement, or replace this Agreement will be effective to do so unless it specifically refers to this Agreement, specifically states its effect on this Agreement, and is signed by the Member (s) of the Company.

9

**Section 10.2. Construction Principles.** Words in any gender are deemed to include the other genders. The singular is deemed to include the plural and vice versa. The headings and underlined paragraph titles are for guidance only and have no significance in the interpretation of this Operating Agreement.

IN WITNESS WHEREOF, the Member have signed this Operating Agreement as of the date first above written.

DATED:    **Nov 22**   , 2010

By: Ara Dolarian
President, Dolarian Capital Inc.

10



U.S. Customs and
Border Protection

555 BATTERY STREET, ROOM 2d
SAN FRANCISCO, CA 94111

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

UNITED STATES POSTAGE

U.S. OFFICIAL MAIL
PENALTY FOR
PRIVATE USE $300

$ 06.690
00005123.40   MAR 04 2015
MAILED FROM ZIP CODE 94111



CERTIFIED MAIL

7009 0160 0000 4503 8504

ARA DOLARIAN
2525 WEST SIERRA
FRESNO, CALIFORNIA 93711

**U.S. Customs and Border Protection**

*U.S. Customs and Border Protection*
Port Director
555 Battery Street
San Francisco, CA 94111-2316

## NOTICE OF SEIZURE AND INFORMATION TO CLAIMANTS
## CAFRA FORM

**MAR 0 4 2015**

CERTIFIED - RETURN RECEIPT REQUESTED 7009 0960 0000 4503 8504

Ara Dolarian
2525 West Sierra
Fresno, California 93711

Re: Case Number 2015-2803-000037-01

Dear Ara Dolarian:

This is to notify you that U.S. Customs and Border Protection (CBP) seized the property described below from Bank of America Savings Account #325016557963 titled in the name of "Martel 3D, LLC" on February 9, 2015:

$2,031,022.25 (Bank of America Check #9495805513)

The property was seized and is subject to forfeiture pursuant to Title 18, United States Code (U.S.C.) §§ 981(b) and 981(a)(1)(C) and 28 U.S.C. § 2461 for violation of 22 U.S.C. § 2278 (arms control regulations).

The facts available to CBP indicate that you have an interest in the seized property. The purpose of this letter is to advise you of the options available to you concerning this seizure. Two important documents—an "Election of Proceedings" form and a "Seized Asset Claim" form--are enclosed with this letter. You must choose one of the options outlined below, indicate your choice on the "Election of Proceedings" form, and return it, and any other necessary documents, to CBP within the allotted time frame (see options below).

Your options are as follows:

1. **Petition:** You may file a petition with this office within 30 days from the date of this letter in accordance with Title 19, United States Code (U.S.C.), Section 1618 and Title 19, Code of Federal Regulations (C.F.R.), Sections 171.1 and 171.2 (19 C.F.R. §§ 171.1, 171.2), seeking the remission of the forfeiture. The petition does not need to be in any specific form, but it must describe the property involved, identify the date and place of the seizure, include all the facts and circumstances which you believe warrant relief from forfeiture and must include proof of your interest in or claim to the property. Examples of proof of interest include, but are not limited to, a car title, loan agreement, or documentation of the source of funds. If you choose this option, you must check **Box 1** on the "Election of Proceedings" form.

By completing Box 1 on the "Election of Proceedings" form, you are requesting administrative processing. You are requesting that CBP refrain from beginning forfeiture proceedings while your petition is pending or that CBP halt forfeiture proceedings if they have already commenced.

If you choose to file an administrative petition and are dissatisfied with the petition decision (initial petition or supplemental petition), you will have an additional 60 days from the date of the initial petition decision, or 60 days from the date of the supplemental petition decision, or such other time as specified by the Fines, Penalties and Forfeitures Officer to file a claim to the property requesting a referral to the U.S. Attorney. If you do not act within these time frames, the property may be administratively forfeited to the United States. You may also request a referral to the U.S. Attorney at any point prior to the issuance of a petition decision by filing a claim. *Please see section 4 of this letter for information on how to request judicial action.* If you take such action after filing a petition for relief, your pending petition will be withdrawn from consideration.

If you request a referral to the U. S. Attorney or if another person asserting an interest in the same property chooses a referral to the U. S. Attorney, the matter will be referred to the U.S. Attorney who will have the authority to file a forfeiture action against the property in federal court pursuant to Title 18, U.S.C., Section 983(a)(3) (19 U.S.C. § 983(a)(3)).

If upon receipt of your petition, the matter has already been referred to the U.S. Attorney's Office for the institution of judicial forfeiture proceedings, your petition will be forwarded to the U.S. Attorney's Office for consideration.

2. **Offer in Compromise:** At any time prior to forfeiture, you may file an offer in compromise in accordance with 19 U.S.C. § 1617 and 19 C.F.R. §§ 161.5, 171.31. The offer must specifically state that you are making it under the provisions of 19 U.S.C. § 1617. If you are offering money in settlement of the case, you must include payment (bank draft, cashier's check or certified check, drawn on a U.S. financial institution, and made payable to CBP) in the amount of your offer. CBP may only consider the amount of your offer and will return the full offer if it is rejected. *This option may serve to delay the case.* If you choose this option, you must check **Box 2** on the "Election of Proceedings" form.

If you choose to submit an offer in compromise and are dissatisfied with the offer decision, you will have an additional 30 days from the date of the offer decision to file a claim requesting a referral for judicial action. If you do not act within the additional 30 days, the property may be forfeited to the United States.

You may also request a referral for judicial action at any point prior to the issuance of the offer decision by fully completing the enclosed "Seized Asset Claim" form or by otherwise submitting a complete judicial claim consistent with the requirements under

18 U.S.C. § 983(a)(2)(C). If you take such action, your petition or offer will be considered to have been withdrawn.

If, upon receipt of your offer, the matter has already been referred to the U.S. Attorney's Office for the institution of judicial forfeiture proceedings, your offer will be forwarded to the U.S. Attorney's Office for consideration as an offer in settlement of the judicial action, as appropriate.

3. **Abandon:** You may abandon the property or state that you have no claim to or interest in it. If you choose this option, you should check **Box 3** on the "Election of Proceedings" form. The Government may proceed with forfeiture proceedings or address claims from other parties concerning the property, without further involving you.

4. **Court Action:** On or before **April 15, 2015,** you may request referral of this matter to the U.S. Attorney, who will have the authority to file a forfeiture action against the property in federal court pursuant to 18 U.S.C. § 983(a)(3). If you choose this option, you should check **Box 4** on the "Election of Proceedings" form, and fully complete the enclosed "Seized Asset Claim" form or otherwise submit a complete judicial claim as required by 18 U.S.C. § 983(a)(2)(C).

**Take No Action:** If you choose to do nothing, this office may initiate forfeiture action. The first notice will be posted on or about 35 days from the date of this letter.

For property appraised in excess of $5,000, CBP will post notice of seizure and intent to forfeit on the internet at www.forfeiture.gov for 30 consecutive days.

For property appraised at $5000 or less, CBP will post a notice of seizure and intent to forfeit in a conspicuous place accessible to the public at the customhouse or Border Patrol sector office (where appropriate) nearest the place of seizure as well as on the internet at www.forfeiture.gov for 30 consecutive days.

**Release on Payment:** If the seized merchandise is not, by law, prohibited from entry into the commerce of the United States, you may, within 30 days of this letter, submit an offer to pay the full appraised domestic value of the seized property accompanied by the full payment (bank draft, cashier's check or certified check, drawn on a U.S. financial institution, and made payable to CBP) or an irrevocable letter of credit in accordance with 19 U.S.C. § 1614 and 19 C.F.R. § 162.44.

If CBP accepts your offer to substitute release of the seized property on payment, the property will be immediately released, and the payment or letter of credit will be substituted for the seized property. You may still submit a petition, offer in compromise, or request that the matter be referred to the U.S. Attorney's Office and you must check the appropriate box on the "Election of Proceedings" form. The decision letter on your offer will provide you with the time frames for those options.

If, upon receipt of your offer, the matter has already been referred to the U.S. Attorney's Office for the institution of judicial forfeiture proceedings, your offer will be forwarded to the U.S. Attorney for consideration.

**Holder of a Lien or Security Interest:** If you are a holder of a lien or security interest and you do not file a request for court action (option 4 above), you may avail yourself of any of the other enumerated options. No relief will be granted to you until after forfeiture, unless your petition, offer or request is accompanied by an agreement to hold the United States, its officers and employees harmless, and a release from the registered owner and/or person from whom the property was seized.

All accompanying documents must be in the English language or accompanied by an English language translation and submitted in duplicate.

No matter which box you check on the "Election of Proceedings" form, you should sign, date and return the form, along with any petition, offer in compromise, or request for judicial proceedings, if those documents are necessary to support the option you choose. *A "Seized Asset Claim" form should only be completed, signed, and returned if you make a claim and ask for the case to be referred for judicial forfeiture.* Important: If these forms are not enclosed with this letter, please promptly call the telephone number below.

All correspondence should be addressed to U.S. Customs and Border Protection, 555 Battery Street, Room 304, San Francisco, California 94111. If further information is required, contact Carol Williams at Fines, Penalties and Forfeitures Office at 415-782-9255. All inquiries should reference the case number.

Sincerely,

Russell Holsopple
Fines, Penalties and Forfeitures Officer

Enclosures: Election of Proceedings – CAFRA Form
CAFRA Seized Asset Claim Form

A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. § 1001 AND/OR 18 U.S.C. § 1621, AND MAY BE PUNISHABLE BY A FINE AND IMPRISONMENT

## ELECTION OF PROCEEDINGS - CAFRA FORM

NOTE: READ THE ATTACHED NOTICE OF SEIZURE AND INFORMATION FOR CLAIMANTS BEFORE YOU FILL OUT THIS FORM. THIS FORM SHOULD BE COMPLETED AND RETURNED TO U.S. CUSTOMS AND BORDER PROTECTION (CBP) at 555 Battery Street, Room 304, San Francisco, California 94111.

I understand that property in which I have an interest has been seized by CBP/U.S. Immigration and Customs Enforcement (ICE) under case number **2015-2803-000037-01.**

Check ONLY ONE (1) of the following choices:

☐ **1. I REQUEST THAT CBP CONSIDER MY PETITION ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My petition is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the petition decision; or, if I choose to file a supplemental petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the supplemental petition decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my petition will stop and the case will be sent to the United States Attorney's Office for judicial forfeiture proceedings.

☐ **2. I REQUEST THAT CBP CONSIDER MY OFFER IN COMPROMISE ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My offer is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my offer, my deadline for filing a claim is 30 days from the date of the decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my offer will stop and the case will be sent for judicial forfeiture proceedings.

☐ **3. I ABANDON ANY CLAIM OR INTEREST I MAY HAVE IN THE PROPERTY.** I understand that no additional notice about future proceedings concerning the property will be provided to me.

☒ **4. I AM FILING A CLAIM AND REQUESTING THAT CBP REFER THE CASE FOR COURT ACTION.** Please send the case to the U.S. Attorney for court action. I have fully completed, signed and attached a "Seized Asset Claim" form. I understand that if I have not fully completed this form, or otherwise made a proper claim and request for judicial forfeiture pursuant to 18 U.S.C. § 983(a)(2)(C) within 35 days after the date the notice of seizure was mailed, CBP will treat any submission as a petition for relief without the ability to seek future judicial forfeiture proceedings.

_Alea G Dacarian_                     _24 March 2015_
Name (Print)                          Date

_[signature]_
Signature

## U.S. CUSTOMS AND BORDER PROTECTION
## CAFRA SEIZED ASSET CLAIM FORM

Name: ___Ara G. Dobarian___     Case Number: _2015-2803-000087-01_

Address: ___2525 w. Sierra___     Telephone No: (559)285-1924

___Fresno Ca. 93711___

**IMPORTANT: BE SURE TO COMPLETE ALL PARTS BELOW.**
**THIS CLAIM FORM MUST BE SIGNED BY THE CLAIMANT HIS OR HER SELF, NOT BY THE ATTORNEY OR OTHER REPRESENTATIVE ACTING ON BEHALF OF THE CLAIMANT.**

As authorized by 18 U.S.C. § 983(a)(2)(A), I request that the Government file a complaint for forfeiture on the seized property described below:

**PART I**   See Attached

List all the items in which you claim an interest. Include sufficient information to identify the items, such as serial numbers, make and model numbers, aircraft tail numbers, photographs, and so forth. Attach additional sheets of paper if more space is needed.

**PART II**   See Attached

State your interest in each item of property listed above. Attach additional sheets of paper if more space is needed.

**PART III (ATTESTATION AND OATH)**

I attest and declare *under penalty of perjury* that the information provided in support of my claim is true and correct to the best of my knowledge and belief.

_Ara G. Dobarian_                    _27 March 2015_

Name (Print)                    Date

_[signature]_

Signature

A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. § 1001 AND/OR 1621 AND IS PUNISHABLE BY A FINE AND UP TO FIVE YEARS IMPRISONMENT.

Attachment to US Customs and Border Protection CAFRA
Seized Asset Claim Form
Claim #:2015-2803-000037-01.

Part 1:  I claim an interest all of the funds seized from Bank of America Checking
Account #325016557963 in the name of Martel 3D, LLC in the sum of
$2,031,022.25.

Part II: Martel 3D, LLC is a wholly owned subsidiary of Dolarian Capital, Inc.  As
President of Dolarian Capital, Inc. and the Managing Member, Dolarian Capital,
Inc. I make this claim on behalf of the Martel 3D, LLC.  Enclosed is a true copy of
the Operating Agreement for Martel 3D showing that Dolarian Capital, Inc. is the
sole member of the company and that Ara Dolarian is the Managing Member.

# OPERATING AGREEMENT
## MARTEL 3D, LLC

This Operating Agreement dated November 22, 2010 by the sole member Dolarian Capital, Inc. ("Sole Member"). The Member has formed a limited liability company pursuant to the laws of the State of California as follows:

## ARTICLE I
## The LIMITED LIABILITY COMPANY

**Section 1.1. Formation.** A limited liability company (the "Company") subject to the provisions of the Beverly-Killea Limited Liability Company Act of California (the "Act") as currently in effect has been formed under the Act.

**Section 1.2. Filing.** In connection with the execution of this Operating Agreement, the Member has caused Articles of Organization (as in effect from time to time, the "Articles") that comply with the Act to be properly filed with the California Secretary of State, and will execute such further documents (including amendments to the Articles) and take such further action as is appropriate to comply with the requirements of law for the formation and operation of a limited liability company in all places where the Company may conduct its business.

**Section 1.3. Name.** The name of the Company is MARTEL 3D, LLC.

**Section 1.4. Registered Office; Agent.** The Agent for process of service shall be MaryAnn Dolarian whose address for service is 2525 W. Sierra, Fresno, California 93711. The company may have such offices as the Member may determine within or without the State of California and any such office may be the Company's principle place of business as determined by the Member.

**Section 1.5. Duration; Events of Dissolution.** The Company shall be dissolved on the date set forth in the Articles, unless sooner dissolved by:

(a.) The happening of events specified in the Articles or this

1

Agreement;

(b.) The affirmative vote of all Member.

(c.) Any event that makes it unlawful for the business of the Company to be carried on by the Member.

**Section 1.6.   Continuance of the Company**.   The Company will not be dissolved if:

(a.) There is a replacement Member who is not the subject of the event ("remaining Member"), and

(b.) Within 90 days after the occurrence of that event, the Member votes to continue the business of the Company.

If the Member fails to vote to continue the business as provided in clause (b.), above, at or before the expiration of such 90-day period, the Company's affairs shall be wound up as provided in Article 8.

**Section 1.7.   Character of Business**.   The business of the Company is to transact any and all business for which Limited Liability companies may be formed under California law.

**Section 1.8.   Definitions**.   As used in this Agreement, the following terms have the following meanings:

"Code" means the Internal Revenue Code of 1986, as it may be amended or superseded from time to time.

"Economic Interest" has the meaning set forth in Section 1700(n) of the Act.

"Profits" and "Losses" means respectively, for each fiscal year or other period, an amount equal to the Company's taxable income or loss for such year or period.

"Sharing Ratio" as set forth in Section 2.1 in current profits.

### ARTICLE 2
### MEMBER

**Section 2.1. Names, Addresses, Contributions, Sharing Ratios, and Capital**

2

**Accounts of Member.** The name, full business or residence street address, initial cash contribution, and Sharing Ratio of each Member are as follows:

|  |  | Initial Cash |  |
|---|---|---|---|
| **Name** | **Address** | **Contribution** | **Sharing Ratio** |
| Dolarian Capital, Inc. | 1284 W Shaw Ave Suite 102 Fresno, Ca 93705 | $1,200,000 | 100% |

If a person becomes a Member by admission pursuant to action of the Member or as a Member's assignee who becomes a Member of the Company as provided in Article 8, that person becomes a party to this agreement by executing and delivering to the Member a supplement to this Agreement in such form as the Member prescribe. The supplement shall show: (a.) the full name and business or residence street address of the new Member; (b) the cash contribution, if any, to be made by the new Member; (c.) the Sharing Ratio of the new Member; and (d) any adjustments in the Sharing Ratios of other Member resulting from the admission of the new Member. By executing and delivering the supplement, the new Member becomes a party to this Agreement without further action.

**Section 2.2. Additional Contributions.** No Member will be obligated to make any additional contribution to the Company. No Member may make an additional contribution to the Company. No Member may make an additional contribution to the Company without the prior written consent of all other Member.

**Section 2.3. Capital Accounts.** A Capital Account shall be maintained for each Member. The Capital Account of each Member will be credited initially with the amount of cash contributed to the Company by that member. Thereafter, each Member's Capital Account will be credited with that Member's share of Profits and the amount of any additional cash contributed to the Company by that Member, and will be debited with that Member's share of Losses and the amount of any cash distributed to that Member.

3

## ARTICLE 3
## PROFITS, LOSSES AND DISTRIBUTIONS

**Section 3.1. Profits and Losses**. The Profits and Losses of the Company shall be allocated to the Member in accordance with their Sharing Ratios.

**Section 3.2. Distributions**. As determined by the Member, the Member shall distribute available funds to the Member in proportion to the Sharing Ratio.

## ARTICLE 4
## MANAGEMENT

**Section 4.1. Member**. The liability of the Member shall be limited as provided in the Act, which generally provides that no Member is personally liable for the debts, obligations, or liabilities of the Company.

**Section 4.2. Authority of Member**. Except as otherwise provided in this section or section 4.4, the Member has appointed Ara Dolarian as the Managing Member (Manager) with the exclusive authority to manage the operations and affairs of the Company and to make all decisions regarding the Company and its business. The signature of the Manager authorized is sufficient to bind the Company with respect to the matter or matters so approved. The Company will not be required to hold meetings to make management decisions but may do so if and as desired and appropriate, as provided by section 4.5.

**Section 4.3. Other Activities; Affiliates**. The Manager will not be required to manage the Company as her sole and exclusive function and may have other business interests and may engage in other activities in addition to those relating to the Company, including the making or management of other investments.

**Section 4.4. Certain Decisions**. So long as there is a single Member, all decisions shall be made by the Manager. If additional members are admitted, the following will then apply: Except as otherwise provided below in this section, decisions shall be made by a majority measured by Sharing Ratios of all Members, as provided in section 4.2.

4

Notwithstanding the foregoing, however, to the fullest extent permitted by law, the following matters require the mutual agreement of all the Members:

(a.) A change in the purposes or the nature of the business of the Company;

(b.) The admission or withdrawal of a Member or a change in their Sharing Ratios in any manner other than in accordance with this Agreement;

(c.) the dissolution of the Company other than in accordance with this Agreement;

(d.) Any amendment to this Agreement;

(e.) Any purchase of capital assets or other properties for the Company in excess of Ten Thousand Dollars ($10,000.00);

(f.) Changes in tax elections and accounting policies of the Company.

**Section 4.5. Meetings and Consents of Member.** Actions by the Manager may be taken at meetings, by written consent of the Manager, or otherwise as agreed. If action is taken at a meeting, an appropriate record of the action shall be made and retained in the Company's records. If the action is by written consent, executed copies shall be maintained in the Company's records. Meetings may be called by the Manager or the Member. Reasonable notice shall be given of any meeting. Notice is reasonable if it specifies briefly the nature of the matters to be presented at the meeting, and is sent or delivered in a manner that in the ordinary course of business would be received not less than one (1) day prior to the meeting.

**Section 4.6. Information Relating to the Company.** Any Member is entitled to receive any information regarding the Company or its activities. Each Member or authorized representative shall have access to and may inspect and copy all books, records, and materials regarding the Company or its activities. The exercise of the rights contained in this section 4.6 shall be at the requesting Member's expense.

**Section 4.7. Exculpation.** No act or omission of a Member, the effect of which may cause or result in loss or damage to the Company or the Member if done in good

5

faith to promote the best interests of the Company, shall subject the Member acting or failing to act to any liability to the Member.

**Section 4.8.   Records at Principal Place of Business.**  The company shall keep at its principal place of business the following:

(a.)    A current list in alphabetical order of the full name and last known business or residence street address of each Member and each holder of an Economic Interest in the Company, together with the contribution and share in profits and losses of each Member and holder of Economic Interest;

(b.)    A copy of the Articles and all amendments thereto, together with executed copies of any powers of attorney pursuant to which the Articles any certificates of amendment has been executed;

(c.)    Copies of the Company's federal, state, and local income tax returns and reports, if any, for the six most recent years;

(d.)    A copy of this Agreement;

(e.)    Copies of any financial statements of the Company for the six most recent years; and

(f.)    The books and records of the Company as they relate to its internal affairs for at least the current and past four fiscal years.

## ARTICLE 5
## COMPENSATION

**Section 5.1.   Compensation.**  Unless otherwise specifically agreed by the Member, no Member shall receive any payment or compensation for performance or obligations under this Agreement or for management services to the Company. The Manager may be paid for performance of her duties.

**Section 5.2.   Reimbursement of Expenses.**  Subject to reasonable regulations approved by the Manager, the Company shall reimburse the Manager and the Member for all reasonable direct out-of-pocket expenses incurred by them in managing the Company.

6

## ARTICLE 6
## ACCOUNTS

**Section 6.1.   Books.**   Complete and accurate books of account of the Company's affairs shall be maintained at the Company's principal place of business. These books shall be kept on an accounting method acceptable for tax or other applicable regulatory purposes. The Company's accounting period is the calendar year.

**Section 6.2.   Reports.**   The books of account shall be closed promptly after the close of each calendar year. Each Member shall promptly be sent a statement of the Member's distributive share of income and expense for federal income tax reporting purposes.

## ARTICLE 7

## TRANSFERS; NEW MEMBER

**Section 7.1.   Assignment.**   A Member's interest in the Company may be assigned only with the consent of other Members, if such additional member has been admitted.

**Section 7.2.   Substitution of Transferee as Member.**   Notwithstanding anything to the contrary in this Agreement, no transferee, assignee, purchaser, designee, or legal representative of a Member may become a Member without the consent of all the admitted Members. If consent is not granted, the transferee, assignee, purchaser, designee, or legal representative of a Member, except as otherwise required by law, shall have no right to participate in the management of the business and affairs of the Company and shall be entitled only to receive the Economic Interest to which that Member would otherwise be entitled and which was assigned.

As further conditions to admission as a Member any transferee, assignee, purchaser, designee, or legal representative of a Member shall (a) execute and deliver such

7

instruments, in form and substance satisfactory to the Member, as the Member deem necessary or desirable to cause the transferee to become a Member including the supplement to this Agreement referred to in section 1.9, and (b) pay all reasonable expenses in connection with admission as a Member, including but not limited to the cost of preparation and filing of any supplement to this Agreement referred to above and any other amendment of this Agreement or the Articles or of taking any other action necessary or desirable in connection therewith.

      **Section 7.3.  Admission of New Member.**  Additional persons may be admitted as a Member of the Company upon the affirmative vote of the Member or Members as applicable. Concurrently with admission of a person as a Member, that new Member shall execute and deliver the supplement described in section 2.1.

## ARTICLE 8
## DISSOLUTION AND TERMINATION

      **Section 8.1.  Final Accounting.**  In case of the Company's dissolution, a proper accounting shall be made from the date of the last previous accounting to the date of dissolution.

      **Section 8.2. Omitted.**

      **Section 8.3.  Liquidation.**  On the Company's dissolution and, if applicable, the failure of any remaining Member (s) to continue the Company as provided in section 1.6, the then remaining Member or Members or a person selected by a majority measured by Sharing Ratios of the Member shall act as liquidator to wind up the company.  The person acting as liquidator shall act in accordance with Chapter 8 of the Act.  The liquidator shall have full power and authority to sell, assign, and encumber any or all of the Company's assets and to wind up and liquidate the Company's affairs in an orderly and prudent manner. The liquidator shall distribute all proceeds from liquidation to the Member, after payment or provision for all obligations of the Company, in accordance with their Sharing Ratios.

      **Section 8.4.  Distribution in Kind.**  If the Member (s), or the liquidator, with

8

the consent of a majority measured by Sharing Ratios of all Member (s), determines that a portion of the Company's assets should be distributed in kind to the Member, the liquidator shall distribute the same to the Member (s) in undivided interests as tenants in common in proportion to their Sharing Ratios.

**Section 8.5. Certificates of Dissolution and Cancellation.** Upon dissolution of the Company, if and as required by the Act, the Member (s) shall cause a certificate of dissolution to be filed pursuant to Section 17356 of the Act. On completion of the Company's winding up and distribution of its assets, the Company shall be terminated, and a majority measured by Sharing Ratios of all Member (a) shall cause a certificate of dissolution and a certificate of cancellation of articles to be filed as required by Chapter 8 of the Act and take such other actions as may be necessary to terminate the Company.

## ARTICLE 9 – Omitted

## ARTICLE 10
## NOTICES

**Section 10.1. Entire Agreement.** This Operating Agreement contains the entire agreement among the parties, except as otherwise expressly provided in this Agreement, may not be amended and no rights hereunder be waived except by an instrument in writing signed by the party sought to be charged with such amendment or waiver; will be construed in accordance with, and governed by, the laws of California; and is binding on and inures to the benefit of the parties and their respective personal representatives, successors, and assigns, except as above set forth. No document that purports to amend, supplement, or replace this Agreement will be effective to do so unless it specifically refers to this Agreement, specifically states its effect on this Agreement, and is signed by the Member (s) of the Company.

9

**Section 10.2. Construction Principles**. Words in any gender are deemed to include the other genders. The singular is deemed to include the plural and vice versa. The headings and underlined paragraph titles are for guidance only and have no significance in the interpretation of this Operating Agreement.

IN WITNESS WHEREOF, the Member have signed this Operating Agreement as of the date first above written.

DATED:   Nov  22   , 2010

By: Ara Dolarian
President, Dolarian Capital Inc.

10

**CERTIFIED MAIL.**

7009 0960 0000 4503 8535

**U.S. Customs and Border Protection**

555 BATTERY STREET, ROOM 104
SAN FRANCISCO, CA 94111

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300





U.S. POSTAGE
$ 06.69⁰
MAR 04 2015
MAILED FROM ZIP CODE 94111
02 1R
000001234Q

ARA DOLARIAN
2515 WEST SIERRA
FRESNO, CALIFORNIA 93711



**U.S. Customs and
Border Protection**

U.S. Department of Homeland Security
*U.S. Customs and Border Protection*
Port Director
555 Battery Street
San Francisco, CA 94111-2316

## NOTICE OF SEIZURE AND INFORMATION TO CLAIMANTS   **MAR 0 4 2015**
### CAFRA FORM

CERTIFIED - RETURN RECEIPT REQUESTED 7009 0960 0000 4503 8535

Ara Dolarian
2525 West Sierra
Fresno, California 93711

Re: Case Number 2015-2803-000039-01

Dear Ara Dolarian:

This is to notify you that U.S. Customs and Border Protection (CBP) seized the property described below from Citibank Money Market Account #206054579 titled in the name of "Arthur Ave. Consulting, Inc." on February 11, 2015:

$3,801,034.94 (Citibank Cashier's Check #113448590)

The property was seized and is subject to forfeiture pursuant to Title 18, United States Code (U.S.C.) §§ 981(b) and 981(a)(1)(C) and 28 U.S.C. § 2461 for violation of 22 U.S.C. § 2278 (arms control regulations).

The facts available to CBP indicate that you have an interest in the seized property. The purpose of this letter is to advise you of the options available to you concerning this seizure. Two important documents—an "Election of Proceedings" form and a "Seized Asset Claim" form--are enclosed with this letter. You must choose one of the options outlined below, indicate your choice on the "Election of Proceedings" form, and return it, and any other necessary documents, to CBP within the allotted time frame (see options below).

Your options are as follows:

1. **Petition:** You may file a petition with this office within 30 days from the date of this letter in accordance with Title 19, United States Code (U.S.C.), Section 1618 and Title 19, Code of Federal Regulations (C.F.R.), Sections 171.1 and 171.2 (19 C.F.R. §§ 171.1, 171.2), seeking the remission of the forfeiture. The petition does not need to be in any specific form, but it must describe the property involved, identify the date and place of the seizure, include all the facts and circumstances which you believe warrant relief from forfeiture and must include proof of your interest in or claim to the property. Examples of proof of interest include, but are not limited to, a car title, loan agreement, or documentation of the source of funds. If you choose this option, you must check Box 1 on the "Election of Proceedings" form.

By completing Box 1 on the "Election of Proceedings" form, you are requesting administrative processing. You are requesting that CBP refrain from beginning forfeiture proceedings while your petition is pending or that CBP halt forfeiture proceedings if they have already commenced.

If you choose to file an administrative petition and are dissatisfied with the petition decision (initial petition or supplemental petition), you will have an additional 60 days from the date of the initial petition decision, or 60 days from the date of the supplemental petition decision, or such other time as specified by the Fines, Penalties and Forfeitures Officer to file a claim to the property requesting a referral to the U.S. Attorney. If you do not act within these time frames, the property may be administratively forfeited to the United States. You may also request a referral to the U.S. Attorney at any point prior to the issuance of a petition decision by filing a claim. *Please see section 4 of this letter for information on how to request judicial action.* If you take such action after filing a petition for relief, your pending petition will be withdrawn from consideration.

If you request a referral to the U. S. Attorney or if another person asserting an interest in the same property chooses a referral to the U. S. Attorney, the matter will be referred to the U.S. Attorney who will have the authority to file a forfeiture action against the property in federal court pursuant to Title 18, U.S.C., Section 983(a)(3) (19 U.S.C. § 983(a)(3)).

If upon receipt of your petition, the matter has already been referred to the U.S. Attorney's Office for the institution of judicial forfeiture proceedings, your petition will be forwarded to the U.S. Attorney's Office for consideration.

2. **Offer in Compromise:** At any time prior to forfeiture, you may file an offer in compromise in accordance with 19 U.S.C. § 1617 and 19 C.F.R. §§ 161.5, 171.31. The offer must specifically state that you are making it under the provisions of 19 U.S.C. § 1617. If you are offering money in settlement of the case, you must include payment (bank draft, cashier's check or certified check, drawn on a U.S. financial institution, and made payable to CBP) in the amount of your offer. CBP may only consider the amount of your offer and will return the full offer if it is rejected. *This option may serve to delay the case.* If you choose this option, you must check Box 2 on the "Election of Proceedings" form.

If you choose to submit an offer in compromise and are dissatisfied with the offer decision, you will have an additional 30 days from the date of the offer decision to file a claim requesting a referral for judicial action. If you do not act within the additional 30 days, the property may be forfeited to the United States.

You may also request a referral for judicial action at any point prior to the issuance of the offer decision by fully completing the enclosed "Seized Asset Claim" form or by otherwise submitting a complete judicial claim consistent with the requirements under

18 U.S.C. § 983(a)(2)(C).  If you take such action, your petition or offer will be considered to have been withdrawn.

If, upon receipt of your offer, the matter has already been referred to the U.S. Attorney's Office for the institution of judicial forfeiture proceedings, your offer will be forwarded to the U.S. Attorney's Office for consideration as an offer in settlement of the judicial action, as appropriate.

3.  **Abandon:**  You may abandon the property or state that you have no claim to or interest in it.  If you choose this option, you should check Box 3 on the "Election of Proceedings" form.  The Government may proceed with forfeiture proceedings or address claims from other parties concerning the property, without further involving you.

4.  **Court Action:**  On or before April 15, 2015, you may request referral of this matter to the U.S. Attorney, who will have the authority to file a forfeiture action against the property in federal court pursuant to 18 U.S.C. § 983(a)(3).  If you choose this option, you should check Box 4 on the "Election of Proceedings" form, and fully complete the enclosed "Seized Asset Claim" form or otherwise submit a complete judicial claim as required by 18 U.S.C. § 983(a)(2)(C).

**Take No Action:**  If you choose to do nothing, this office may initiate forfeiture action. The first notice will be posted on or about 35 days from the date of this letter.

For property appraised in excess of $5,000, CBP will post notice of seizure and intent to forfeit on the internet at www.forfeiture.gov for 30 consecutive days.

For property appraised at $5000 or less, CBP will post a notice of seizure and intent to forfeit in a conspicuous place accessible to the public at the customhouse or Border Patrol sector office (where appropriate) nearest the place of seizure as well as on the internet at www.forfeiture.gov for 30 consecutive days.

**Release on Payment:**  If the seized merchandise is not, by law, prohibited from entry into the commerce of the United States, you may, within 30 days of this letter, submit an offer to pay the full appraised domestic value of the seized property accompanied by the full payment (bank draft, cashier's check or certified check, drawn on a U.S. financial institution, and made payable to CBP) or an irrevocable letter of credit in accordance with 19 U.S.C. § 1614 and 19 C.F.R. § 162.44.

If CBP accepts your offer to substitute release of the seized property on payment, the property will be immediately released, and the payment or letter of credit will be substituted for the seized property.  You may still submit a petition, offer in compromise, or request that the matter be referred to the U.S. Attorney's Office and you must check the appropriate box on the "Election of Proceedings" form. The decision letter on your offer will provide you with the time frames for those options.

If, upon receipt of your offer, the matter has already been referred to the U.S. Attorney's Office for the institution of judicial forfeiture proceedings, your offer will be forwarded to the U.S. Attorney for consideration.

**Holder of a Lien or Security Interest:** If you are a holder of a lien or security interest and you do not file a request for court action (option 4 above), you may avail yourself of any of the other enumerated options. No relief will be granted to you until after forfeiture, unless your petition, offer or request is accompanied by an agreement to hold the United States, its officers and employees harmless, and a release from the registered owner and/or person from whom the property was seized.

<u>All accompanying documents must be in the English language or accompanied by an English language translation and submitted in duplicate.</u>

No matter which box you check on the "Election of Proceedings" form, you should sign, date and return the form, along with any petition, offer in compromise, or request for judicial proceedings, if those documents are necessary to support the option you choose. *A "Seized Asset Claim" form should only be completed, signed, and returned if you make a claim and ask for the case to be referred for judicial forfeiture.* Important: If these forms are not enclosed with this letter, please promptly call the telephone number below.

All correspondence should be addressed to U.S. Customs and Border Protection, 555 Battery Street, Room 304, San Francisco, California 94111. If further information is required, contact Carol Williams at Fines, Penalties and Forfeitures Office at 415-782-9255. All inquiries should reference the case number.

Sincerely,

Russell Holsopple
Fines, Penalties and Forfeitures Officer

Enclosures: Election of Proceedings – CAFRA Form
                    CAFRA Seized Asset Claim Form

A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO
PROSECUTION UNDER 18 U.S.C. § 1001 AND/OR 18 U.S.C. § 1621, AND MAY BE
PUNISHABLE BY A FINE AND IMPRISONMENT

## ELECTION OF PROCEEDINGS - CAFRA FORM

NOTE: READ THE ATTACHED NOTICE OF SEIZURE AND INFORMATION FOR CLAIMANTS BEFORE YOU FILL OUT THIS FORM. THIS FORM SHOULD BE COMPLETED AND RETURNED TO U.S. CUSTOMS AND BORDER PROTECTION (CBP) at 555 Battery Street, Room 304, San Francisco, California 94111.

I understand that property in which I have an interest has been seized by CBP/U.S. Immigration and Customs Enforcement (ICE) under case number **2015-2803-000039-01**.

Check ONLY ONE (1) of the following choices:

☐ **1. I REQUEST THAT CBP CONSIDER MY PETITION ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My petition is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the petition decision; or, if I choose to file a supplemental petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the supplemental petition decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my petition will stop and the case will be sent to the United States Attorney's Office for judicial forfeiture proceedings.

☐ **2. I REQUEST THAT CBP CONSIDER MY OFFER IN COMPROMISE ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My offer is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my offer, my deadline for filing a claim is 30 days from the date of the decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my offer will stop and the case will be sent for judicial forfeiture proceedings.

☐ **3. I ABANDON ANY CLAIM OR INTEREST I MAY HAVE IN THE PROPERTY.** I understand that no additional notice about future proceedings concerning the property will be provided to me.

☐ **4. I AM FILING A CLAIM AND REQUESTING THAT CBP REFER THE CASE FOR COURT ACTION.** Please send the case to the U.S. Attorney for court action. I have fully completed, signed and attached a "Seized Asset Claim" form. I understand that if I have not fully completed this form, or otherwise made a proper claim and request for judicial forfeiture pursuant to 18 U.S.C. § 983(a)(2)(C) within 35 days after the date the notice of seizure was mailed, CBP will treat any submission as a petition for relief without the ability to seek future judicial forfeiture proceedings.

_____          _____
Name (Print)                              Date


_____
Signature

## U.S. CUSTOMS AND BORDER PROTECTION
## CAFRA SEIZED ASSET CLAIM FORM

Name: _____     Case Number: _____

Address: _____     Telephone No: (____) _____

_____

_____

**IMPORTANT: BE SURE TO COMPLETE ALL PARTS BELOW.**
**THIS CLAIM FORM MUST BE SIGNED BY THE CLAIMANT HIS OR HER SELF, NOT BY**
**THE ATTORNEY OR OTHER REPRESENTATIVE ACTING ON BEHALF OF THE**
**CLAIMANT.**

As authorized by 18 U.S.C. § 983(a)(2)(A), I request that the Government file a complaint for forfeiture on the seized property described below:

## PART I

List all the items in which you claim an interest. Include sufficient information to identify the items, such as serial numbers, make and model numbers, aircraft tail numbers, photographs, and so forth. Attach additional sheets of paper if more space is needed.

## PART II

State your interest in each item of property listed above. Attach additional sheets of paper if more space is needed.

## PART III (ATTESTATION AND OATH)

I attest and declare *under penalty of perjury* that the information provided in support of my claim is true and correct to the best of my knowledge and belief.

_____          _____

Name (Print)                                    Date

_____

Signature

A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18
U.S.C. § 1001 AND/OR 1621 AND IS PUNISHABLE BY A FINE AND UP TO FIVE YEARS
IMPRISONMENT.

## ELECTION OF PROCEEDINGS - CAFRA FORM

NOTE: READ THE ATTACHED NOTICE OF SEIZURE AND INFORMATION FOR CLAIMANTS BEFORE YOU FILL OUT THIS FORM. THIS FORM SHOULD BE COMPLETED AND RETURNED TO U.S. CUSTOMS AND BORDER PROTECTION (CBP) at 555 Battery Street, Room 304, San Francisco, California 94111.

I understand that property in which I have an interest has been seized by CBP/U.S. Immigration and Customs Enforcement (ICE) under case number **2015-2803-000039-01**.

Check ONLY ONE (1) of the following choices:

☐ 1. **I REQUEST THAT CBP CONSIDER MY <u>PETITION</u> ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My petition is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the petition decision; or, if I choose to file a supplemental petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the supplemental petition decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my petition will stop and the case will be sent to the United States Attorney's Office for judicial forfeiture proceedings.

☐ 2. **I REQUEST THAT CBP CONSIDER MY <u>OFFER IN COMPROMISE</u> ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My offer is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my offer, my deadline for filing a claim is 30 days from the date of the decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my offer will stop and the case will be sent for judicial forfeiture proceedings.

☐ 3. **I <u>ABANDON</u> ANY CLAIM OR INTEREST I MAY HAVE IN THE PROPERTY.** I understand that no additional notice about future proceedings concerning the property will be provided to me.

☒ 4. **I AM FILING A CLAIM AND REQUESTING THAT CBP REFER THE CASE FOR <u>COURT ACTION</u>.** Please send the case to the U.S. Attorney for court action. I have fully completed, signed and attached a "Seized Asset Claim" form. I understand that if I have not fully completed this form, or otherwise made a proper claim and request for judicial forfeiture pursuant to 18 U.S.C. § 983(a)(2)(C) within 35 days after the date the notice of seizure was mailed, CBP will treat any submission as a petition for relief without the ability to seek future judicial forfeiture proceedings.

_____      _____
Name (Print)                          Date

_____
Signature

## U.S. CUSTOMS AND BORDER PROTECTION
## CAFRA SEIZED ASSET CLAIM FORM

Name: _Ara G. Dolarian_          Case Number: _2015-2803-0037-01_

Address: _2825 W. Sierra_          Telephone No: _(559) 824-1524_

_Fresno Ca 93711_

**IMPORTANT: BE SURE TO COMPLETE ALL PARTS BELOW.
THIS CLAIM FORM MUST BE SIGNED BY THE CLAIMANT HIS OR HER SELF, NOT BY
THE ATTORNEY OR OTHER REPRESENTATIVE ACTING ON BEHALF OF THE
CLAIMANT.**

As authorized by 18 U.S.C. § 983(a)(2)(A), I request that the Government file a complaint for forfeiture on the seized property described below:

**PART I**   _See Attached_

List all the items in which you claim an interest. Include sufficient information to identify the items, such as serial numbers, make and model numbers, aircraft tail numbers, photographs, and so forth. Attach additional sheets of paper if more space is needed.

**PART II**   _See Attached_

State your interest in each item of property listed above. Attach additional sheets of paper if more space is needed.

**PART III (ATTESTATION AND OATH)**

I attest and declare _under penalty of perjury_ that the information provided in support of my claim is true and correct to the best of my knowledge and belief.

_Ara G. Dolarian_          _24 March 2015_
Name (Print)          Date

Signature

A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. § 1001 AND/OR 1621 AND IS PUNISHABLE BY A FINE AND UP TO FIVE YEARS IMPRISONMENT.

Attachment to US Customs and Border Protection CAFRA
Seized Asset Claim Form
Claim #:2015-2803-000039-01.

Part 1:  I claim an interest all of the funds seized from Citibank  Checking Account #206054579 in the name of Arthur Ave. Consulting, Inc. in the sum of $3,801,034.94.

Part II:  I am the sole shareholder of Arthur Ave. Consulting, Inc. and am the President and Secretary of the corporation.  Attached are copies of the formation documents showing my ownership and election as President and Secretary. Attached is a copy of the Citibank signature card for the account showing that I am the sole person authorized to sign on behalf of the corporation.



FRESNO-MARKS/HERNDON
7025 NO MARKS AVE
FRESNO, CA 93711


03/24/2015


Reference Letter

To Whom It May Concern:

This is to certify that the title of the following account(s) reflects
ARTHUR AVE. CONSULTING,INC.
of
1284 W. SHAW AVE STE 103
FRESNO, CA 93711

as an account holder.

| Account Type | Account Number | Balance | Date Opened |
|---|---|---|---|
| CB FLEXIBLE CHECKING | 205912785 | $125.64 | 09/26/2014 |
| BUSINESS IMMA | 206054579 | $31.24 | 11/25/2014 |

The above mentioned balance(s) represents the accumulation of successive deposits.

Sincerely,


GARRETTD SCHILLING

Fin. Center Operations Manager

# ACTION OF BOARD OF DIRECTORS
## OF
# ARTHUR AVE. CONSULTING, INC.
## A CALIFORNIA CORPORATION
## WITHOUT FIRST MEETING

Pursuant to its Bylaws the Corporation having been duly formed July 7, 2014 , elects to take the following actions, adopt the following resolutions, and transact the first business of the corporation:

1. Board of Directors. The incorporator has appointed the following to the Board of Directors to serve the initial term of office:

Ara Dolarian

2. Officers.

RESOLVED, the following named persons are elected to the offices opposite their names to serve until their resignation or until they are removed by the Board of Directors or until a successor is elected by the Board of Directors:

| | |
|---|---|
| Ara G. Dolarian | President |
| Ara G. Dolarian | Secretary/Treasurer |

3. Payment and Amortization of Incorporation Expenses.

RESOLVED, that the President and the Treasurer of this corporation be and they hereby are authorized and directed to pay all expenses of incorporation and organization of this corporation, including all attorney's fees incurred in connection therewith;

RESOLVED FURTHER, that beginning with the month in which this corporation begins business, the corporation shall adopt a system of amortizing its organizational expenditures ratably over a period of not less than sixty (60) months in the accordance with Section 248 of the Internal Revenue Code.

4. Seal.

RESOLVED, that the seal, an impression of which below, is adopted as the seal of this corporation.

1

5.    Bank Account at Citibank.

RESOLVED, that the President is authorized to open a depository of the funds of this corporation, and the checking account of this corporation be established and maintained by and in the name of this corporation at Citibank on and subject to such terms and conditions as the officers of this corporation may from time to time agree with said bank;

RESOLVED FURTHER, that all checks, drafts and other instrument for payment of money drawn or accepted by this corporation for payment from such account at such bank be signed on behalf of this corporation by any one of the authorized offices of the corporation.

RESOLVED FURTHER, that all checks, drafts and other instrument for payment of money endorsed on behalf of this corporation for deposit with or collection by said bank may be so endorsed in the name of this corporation by written or stamped endorsement, without designation or signature of the person making such endorsement;

RESOLVED FURTHER, that the Secretary of this corporation is hereby authorized and directed to certify to said bank that these Resolutions have been duly adopted and are in to said bank the names and specimen signatures of the present officers of this corporation authorized to sign on such account, and if and when any change be made in the personnel of such officers, the fact of such change and the specimen signature of each new officer;

RESOLVED FURTHER, that said bank is requested and authorized to honor, receive, certify or pay any instruments signed or endorsed in accordance with these Resolutions and the certification provided for by these Resolutions then in effect, including any such instrument drawn or endorsed to the personal order of or presented for negotiation or encashment by any officer signing or endorsing the same;

RESOLVED FURTHER, that these Resolutions and each certification herein provide for shall remain in full force and effect, and said bank is authorized and requested to rely and act thereon until it shall receive at its office to which the certified copy of these Resolutions was delivered, either a certified copy of a further Resolution of the Board of Directors amending or resending these Resolutions or a further certification of the names and signatures of the officers authorized to sign on such accounts.

6.    Common Stock.

The officers are authorized to act as follows:

2

RESOLVED, that the offices of this corporation be and hereby are authorized, empowered and directed to take all actions that may be necessary and proper for this corporation to issue the above-listed shares in accordance with applicable laws, and that those actions shall include where necessary: (a) doing all acts that may be necessary under the federal securities laws and the securities laws of any state, and (b) doing all acts necessary to expedite these transactions or conform them, or any of them, to the requirements of any applicable law, ruling, or regulation.

RESOLVED FURTHER, that each of the officers of this corporation be and each hereby is authorized and directed to execute all documents and to take any other action necessary or advisable to carry out the purpose of these resolution.

RESOLVED FURTHER, that the corporation shall issue 10,000 shares of common stock to Ara G. Dolarian. The company accountant shall reflect the capitalization of the corporation as determined by the officer of the corporation.

7.    Tax Year.

RESOLVED, that a fiscal year ending December 31st is adopted by this corporation as the accounting period to be used for the purposed of tax reporting.

8.    Share Certificates.

RESOLVED, that the specimen form of share certificate attached hereto as Exhibit "A" is adopted to represent shares of this corporation and that share certificates in this form, signed in the name of this corporation by the President and Secretary (whose signatures may be facsimiles) and impressed with the corporate seal, shall ne issued to the holders of shares of this corporation.

9.    Principle Offices.

RESOLVED, that 1284 W Shaw Ave #103, Fresno, CA 93711, is hereby established as the principal business office of this corporation.

10.    Agent for Service of Process.

RESOLVED, that Myron F. Smith is approved as this Corporation's agent for service of process.

11.    Approval of Bylaws.

3

RESOLVED, that the Bylaws adopted by the incorporator of this corporation are approved; and,

RESOLVED FURTHER, that the president of this corporation is authorized and directed to execute a certificate of the adoption of these Bylaws, to insert a copy of the Bylaws as certified in the minute book of this corporation, and to cause a copy of those Bylaws as they may be amended from time to time, to be kept and maintained in the principal executive office of this corporation.

12.     Place of Board of Director Meetings, Telephone Conference Meetings.

RESOLVED, that all meeting of the Board of Directors shall be held at this corporation's principal office, or at any place designated in any notice of meeting. Any meeting, regular or special, may be held by conference telephone or similar equipment, provided that all directors participating can hear one another.

13.     Approval of Sub-Chapter "S" Election.

RESOLVED, that the president is designated to make the sub-chapter "S" election for reporting of profit and loss to the Internal Revenue Service.

Dated: July 14, 2014

Ara G. Dolarian

4



U.S. Customs and
Border Protection

555 BATTERY STREET, ROOM 201
SAN FRANCISCO, CA 94111

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

CERTIFIED MAIL

7009 0960 0000 4503 8542



UNITED STATES POSTAGE

02 1R
0000012340
MAILED FROM ZIPCODE 94111

$ 06.69⁰
MAR 04  2015

U.S. OFFICIAL MAIL
PENALTY FOR
PRIVATE USE $300

ARA DOLARIAN
2525 WEST SIERRA
FRESNO, CALIFORNIA 93711



**U.S. Customs and
Border Protection**

U.S. Department of Homeland Security
*U.S. Customs and Border Protection*
Port Director
555 Battery Street
San Francisco, CA 94111-2316

### NOTICE OF SEIZURE AND INFORMATION TO CLAIMANTS
### CAFRA FORM

**MAR 0 4 2015**

CERTIFIED - RETURN RECEIPT REQUESTED 7009 0960 0000 4503 8542

Ara Dolarian
2525 West Sierra
Fresno, California 93711

Re: Case Number 2015-2803-000040-01

Dear Ara Dolarian:

This is to notify you that U.S. Customs and Border Protection (CBP) seized the property
described below from Citibank Checking Account #205912785 titled in the name of
"Arthur Ave. Consulting, Inc." on February 11, 2015:

$21,865.67 (Citibank Cashier's Check #113448591)

The property was seized and is subject to forfeiture pursuant to Title 18, United States
Code (U.S.C.) §§ 981(b) and 981(a)(1)(C) and 28 U.S.C. § 2461 for violation of
22 U.S.C. § 2278 (arms control regulations).

The facts available to CBP indicate that you have an interest in the seized property. The
purpose of this letter is to advise you of the options available to you concerning this
seizure. Two important documents—an "Election of Proceedings" form and a "Seized
Asset Claim" form--are enclosed with this letter. You must choose one of the options
outlined below, indicate your choice on the "Election of Proceedings" form, and return it,
and any other necessary documents, to CBP within the allotted time frame (see options
below).

Your options are as follows:

1. **Petition:** You may file a petition with this office within 30 days from the date of this
   letter in accordance with Title 19, United States Code (U.S.C.), Section 1618 and
   Title 19, Code of Federal Regulations (C.F.R.), Sections 171.1 and 171.2 (19 C.F.R.
   §§ 171.1, 171.2), seeking the remission of the forfeiture. The petition does not need
   to be in any specific form, but it must describe the property involved, identify the date
   and place of the seizure, include all the facts and circumstances which you believe
   warrant relief from forfeiture and must include proof of your interest in or claim to
   the property. Examples of proof of interest include, but are not limited to, a car title,
   loan agreement, or documentation of the source of funds. If you choose this option,
   you must check **Box 1** on the "Election of Proceedings" form.

By completing Box 1 on the "Election of Proceedings" form, you are requesting administrative processing. You are requesting that CBP refrain from beginning forfeiture proceedings while your petition is pending or that CBP halt forfeiture proceedings if they have already commenced.

If you choose to file an administrative petition and are dissatisfied with the petition decision (initial petition or supplemental petition), you will have an additional 60 days from the date of the initial petition decision, or 60 days from the date of the supplemental petition decision, or such other time as specified by the Fines, Penalties and Forfeitures Officer to file a claim to the property requesting a referral to the U.S. Attorney. If you do not act within these time frames, the property may be administratively forfeited to the United States. You may also request a referral to the U.S. Attorney at any point prior to the issuance of a petition decision by filing a claim. *Please see section 4 of this letter for information on how to request judicial action.* If you take such action after filing a petition for relief, your pending petition will be withdrawn from consideration.

If you request a referral to the U. S. Attorney or if another person asserting an interest in the same property chooses a referral to the U. S. Attorney, the matter will be referred to the U.S. Attorney who will have the authority to file a forfeiture action against the property in federal court pursuant to Title 18, U.S.C., Section 983(a)(3) (19 U.S.C. § 983(a)(3)).

If upon receipt of your petition, the matter has already been referred to the U.S. Attorney's Office for the institution of judicial forfeiture proceedings, your petition will be forwarded to the U.S. Attorney's Office for consideration.

2.  **Offer in Compromise:** At any time prior to forfeiture, you may file an offer in compromise in accordance with 19 U.S.C. § 1617 and 19 C.F.R. §§ 161.5, 171.31. The offer must specifically state that you are making it under the provisions of 19 U.S.C. § 1617. If you are offering money in settlement of the case, you must include payment (bank draft, cashier's check or certified check, drawn on a U.S. financial institution, and made payable to CBP) in the amount of your offer. CBP may only consider the amount of your offer and will return the full offer if it is rejected. *This option may serve to delay the case.* If you choose this option, you must check **Box 2** on the "Election of Proceedings" form.

If you choose to submit an offer in compromise and are dissatisfied with the offer decision, you will have an additional 30 days from the date of the offer decision to file a claim requesting a referral for judicial action. If you do not act within the additional 30 days, the property may be forfeited to the United States.

You may also request a referral for judicial action at any point prior to the issuance of the offer decision by fully completing the enclosed "Seized Asset Claim" form or by otherwise submitting a complete judicial claim consistent with the requirements under

18 U.S.C. § 983(a)(2)(C). If you take such action, your petition or offer will be considered to have been withdrawn.

If, upon receipt of your offer, the matter has already been referred to the U.S. Attorney's Office for the institution of judicial forfeiture proceedings, your offer will be forwarded to the U.S. Attorney's Office for consideration as an offer in settlement of the judicial action, as appropriate.

3. **Abandon:** You may abandon the property or state that you have no claim to or interest in it. If you choose this option, you should check **Box 3** on the "Election of Proceedings" form. The Government may proceed with forfeiture proceedings or address claims from other parties concerning the property, without further involving you.

4. **Court Action:** On or before **April 15, 2015**, you may request referral of this matter to the U.S. Attorney, who will have the authority to file a forfeiture action against the property in federal court pursuant to 18 U.S.C. § 983(a)(3). If you choose this option, you should check **Box 4** on the "Election of Proceedings" form, and fully complete the enclosed "Seized Asset Claim" form or otherwise submit a complete judicial claim as required by 18 U.S.C. § 983(a)(2)(C).

**Take No Action:** If you choose to do nothing, this office may initiate forfeiture action. The first notice will be posted on or about 35 days from the date of this letter.

For property appraised in excess of $5,000, CBP will post notice of seizure and intent to forfeit on the internet at www.forfeiture.gov for 30 consecutive days.

For property appraised at $5000 or less, CBP will post a notice of seizure and intent to forfeit in a conspicuous place accessible to the public at the customhouse or Border Patrol sector office (where appropriate) nearest the place of seizure as well as on the internet at www.forfeiture.gov for 30 consecutive days.

**Release on Payment:** If the seized merchandise is not, by law, prohibited from entry into the commerce of the United States, you may, within 30 days of this letter, submit an offer to pay the full appraised domestic value of the seized property accompanied by the full payment (bank draft, cashier's check or certified check, drawn on a U.S. financial institution, and made payable to CBP) or an irrevocable letter of credit in accordance with 19 U.S.C. § 1614 and 19 C.F.R. § 162.44.

If CBP accepts your offer to substitute release of the seized property on payment, the property will be immediately released, and the payment or letter of credit will be substituted for the seized property. You may still submit a petition, offer in compromise, or request that the matter be referred to the U.S. Attorney's Office and you must check the appropriate box on the "Election of Proceedings" form. The decision letter on your offer will provide you with the time frames for those options.

If, upon receipt of your offer, the matter has already been referred to the U.S. Attorney's Office for the institution of judicial forfeiture proceedings, your offer will be forwarded to the U.S. Attorney for consideration.

**Holder of a Lien or Security Interest:** If you are a holder of a lien or security interest and you do not file a request for court action (option 4 above), you may avail yourself of any of the other enumerated options. No relief will be granted to you until after forfeiture, unless your petition, offer or request is accompanied by an agreement to hold the United States, its officers and employees harmless, and a release from the registered owner and/or person from whom the property was seized.

All accompanying documents must be in the English language or accompanied by an English language translation and submitted in duplicate.

No matter which box you check on the "Election of Proceedings" form, you should sign, date and return the form, along with any petition, offer in compromise, or request for judicial proceedings, if those documents are necessary to support the option you choose. *A "Seized Asset Claim" form should only be completed, signed, and returned if you make a claim and ask for the case to be referred for judicial forfeiture.* Important: If these forms are not enclosed with this letter, please promptly call the telephone number below.

All correspondence should be addressed to U.S. Customs and Border Protection, 555 Battery Street, Room 304, San Francisco, California 94111. If further information is required, contact Carol Williams at Fines, Penalties and Forfeitures Office at 415-782-9255. All inquiries should reference the case number.

Sincerely,

Russell Holsopple
Fines, Penalties and Forfeitures Officer

Enclosures: Election of Proceedings – CAFRA Form
            CAFRA Seized Asset Claim Form

A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. § 1001 AND/OR 18 U.S.C. § 1621, AND MAY BE PUNISHABLE BY A FINE AND IMPRISONMENT

## ELECTION OF PROCEEDINGS - CAFRA FORM

NOTE: READ THE ATTACHED NOTICE OF SEIZURE AND INFORMATION FOR CLAIMANTS BEFORE YOU FILL OUT THIS FORM. THIS FORM SHOULD BE COMPLETED AND RETURNED TO U.S. CUSTOMS AND BORDER PROTECTION (CBP) at 555 Battery Street, Room 304, San Francisco, California 94111.

I understand that property in which I have an interest has been seized by CBP/U.S. Immigration and Customs Enforcement (ICE) under case number **2015-2803-000040-01**.

Check ONLY ONE (1) of the following choices:

☐ **1. I REQUEST THAT CBP CONSIDER MY PETITION ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My petition is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the petition decision; or, if I choose to file a supplemental petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the supplemental petition decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my petition will stop and the case will be sent to the United States Attorney's Office for judicial forfeiture proceedings.

☐ **2. I REQUEST THAT CBP CONSIDER MY OFFER IN COMPROMISE ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My offer is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my offer, my deadline for filing a claim is 30 days from the date of the decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my offer will stop and the case will be sent for judicial forfeiture proceedings.

☐ **3. I ABANDON ANY CLAIM OR INTEREST I MAY HAVE IN THE PROPERTY.** I understand that no additional notice about future proceedings concerning the property will be provided to me.

☐ **4. I AM FILING A CLAIM AND REQUESTING THAT CBP REFER THE CASE FOR COURT ACTION.** Please send the case to the U.S. Attorney for court action. I have fully completed, signed and attached a "Seized Asset Claim" form. I understand that if I have not fully completed this form, or otherwise made a proper claim and request for judicial forfeiture pursuant to 18 U.S.C. § 983(a)(2)(C) within 35 days after the date the notice of seizure was mailed, CBP will treat any submission as a petition for relief without the ability to seek future judicial forfeiture proceedings.

_____        _____
Name (Print)                                Date


_____
Signature

## U.S. CUSTOMS AND BORDER PROTECTION
## CAFRA SEIZED ASSET CLAIM FORM

Name: _____    Case Number: _____

Address: _____    Telephone No: ( ___ ) _____

_____

**IMPORTANT: BE SURE TO COMPLETE ALL PARTS BELOW.**
**THIS CLAIM FORM MUST BE SIGNED BY THE CLAIMANT HIS OR HER SELF, NOT BY THE ATTORNEY OR OTHER REPRESENTATIVE ACTING ON BEHALF OF THE CLAIMANT.**

As authorized by 18 U.S.C. § 983(a)(2)(A), I request that the Government file a complaint for forfeiture on the seized property described below:

**PART I**

List all the items in which you claim an interest. Include sufficient information to identify the items, such as serial numbers, make and model numbers, aircraft tail numbers, photographs, and so forth. Attach additional sheets of paper if more space is needed.

**PART II**

State your interest in each item of property listed above. Attach additional sheets of paper if more space is needed.

**PART III (ATTESTATION AND OATH)**

I attest and declare *under penalty of perjury* that the information provided in support of my claim is true and correct to the best of my knowledge and belief.

_____    _____

Name (Print)    Date

_____

Signature

A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. § 1001 AND/OR 1621 AND IS PUNISHABLE BY A FINE AND UP TO FIVE YEARS IMPRISONMENT.

## ELECTION OF PROCEEDINGS - CAFRA FORM

NOTE: READ THE ATTACHED NOTICE OF SEIZURE AND INFORMATION FOR CLAIMANTS BEFORE YOU FILL OUT THIS FORM. THIS FORM SHOULD BE COMPLETED AND RETURNED TO U.S. CUSTOMS AND BORDER PROTECTION (CBP) at 555 Battery Street, Room 304, San Francisco, California 94111.

I understand that property in which I have an interest has been seized by CBP/U.S. Immigration and Customs Enforcement (ICE) under case number 2015-2803-000040-01.

Check ONLY ONE (1) of the following choices:

☐ 1. **I REQUEST THAT CBP CONSIDER MY PETITION ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My petition is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the petition decision; or, if I choose to file a supplemental petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the supplemental petition decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my petition will stop and the case will be sent to the United States Attorney's Office for judicial forfeiture proceedings.

☐ 2. **I REQUEST THAT CBP CONSIDER MY OFFER IN COMPROMISE ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My offer is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my offer, my deadline for filing a claim is 30 days from the date of the decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my offer will stop and the case will be sent for judicial forfeiture proceedings.

☐ 3. **I ABANDON ANY CLAIM OR INTEREST I MAY HAVE IN THE PROPERTY.** I understand that no additional notice about future proceedings concerning the property will be provided to me.

☒ 4. **I AM FILING A CLAIM AND REQUESTING THAT CBP REFER THE CASE FOR COURT ACTION.** Please send the case to the U.S. Attorney for court action. I have fully completed, signed and attached a "Seized Asset Claim" form. I understand that if I have not fully completed this form, or otherwise made a proper claim and request for judicial forfeiture pursuant to 18 U.S.C. § 983(a)(2)(C) within 35 days after the date the notice of seizure was mailed, CBP will treat any submission as a petition for relief without the ability to seek future judicial forfeiture proceedings.

_____          24 March 2015
Name (Print)                             Date


_____
Signature

## U.S. CUSTOMS AND BORDER PROTECTION
## CAFRA SEIZED ASSET CLAIM FORM

Name: ARA G Dolarian     Case Number: 2015-2803-000040-01

Address: 2525 W. Sierra     Telephone No: (559) 824-1924

Fresno, Ca 93711

**IMPORTANT: BE SURE TO COMPLETE ALL PARTS BELOW.**
**THIS CLAIM FORM MUST BE SIGNED BY THE CLAIMANT HIS OR HER SELF, NOT BY**
**THE ATTORNEY OR OTHER REPRESENTATIVE ACTING ON BEHALF OF THE**
**CLAIMANT.**

As authorized by 18 U.S.C. § 983(a)(2)(A), I request that the Government file a complaint for forfeiture on the seized property described below:

**PART I**   See Attached

List all the items in which you claim an interest. Include sufficient information to identify the items, such as serial numbers, make and model numbers, aircraft tail numbers, photographs, and so forth. Attach additional sheets of paper if more space is needed.

**PART II**   See Attached

State your interest in each item of property listed above. Attach additional sheets of paper if more space is needed.

**PART III (ATTESTATION AND OATH)**

I attest and declare *under penalty of perjury* that the information provided in support of my claim is true and correct to the best of my knowledge and belief.

_Ara G Dolarian_     _24 March 2015_
Name (Print)     Date

_[signature]_
Signature

A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. § 1001 AND/OR 1621 AND IS PUNISHABLE BY A FINE AND UP TO FIVE YEARS IMPRISONMENT.

Attachment to US Customs and Border Protection CAFRA
Seized Asset Claim Form
Claim #:2015-2803-000040-01.

Part 1: I claim an interest all of the funds seized from Citibank Checking Account #205912785 in the name of Arthur Ave. Consulting, Inc. in the sum of $21,865.67.

Part II: I am the sole shareholder of Arthur Ave. Consulting, Inc. and am the President and Secretary of the corporation. Attached are copies of the formation documents showing my ownership and election as President and Secretary. Attached is a copy of the Citibank signature card for the account showing that I am the sole person authorized to sign on behalf of the corporation.



**FRESNO-MARKS/HERNDON**
**7025 NO MARKS AVE**
**FRESNO, CA 93711**

03/24/2015

Reference Letter

To Whom It May Concern:

This is to certify that the title of the following account(s) reflects
ARTHUR AVE. CONSULTING,INC.
of
1284 W. SHAW AVE STE 103
FRESNO, CA 93711

as an account holder.

| Account Type | Account Number | Balance | Date Opened |
|---|---|---|---|
| CB FLEXIBLE CHECKING | 205912785 | $125.64 | 09/26/2014 |
| BUSINESS IMMA | 206054579 | $31.24 | 11/25/2014 |

The above mentioned balance(s) represents the accumulation of successive deposits.

Sincerely,

**GARRETTD SCHILLING**

Fin. Center Operations Manager

Citibank, N.A.,Member FDIC

# ACTION OF BOARD OF DIRECTORS
## OF
### ARTHUR AVE. CONSULTING, INC.
### A CALIFORNIA CORPORATION
### WITHOUT FIRST MEETING

Pursuant to its Bylaws the Corporation having been duly formed July 7, 2014 , elects to take the following actions, adopt the following resolutions, and transact the first business of the corporation:

1. Board of Directors. The incorporator has appointed the following to the Board of Directors to serve the initial term of office:

Ara Dolarian

2. Officers.

RESOLVED, the following named persons are elected to the offices opposite their names to serve until their resignation or until they are removed by the Board of Directors or until a successor is elected by the Board of Directors:

Ara G. Dolarian          President
Ara G. Dolarian          Secretary/Treasurer

3. Payment and Amortization of Incorporation Expenses.

RESOLVED, that the President and the Treasurer of this corporation be and they hereby are authorized and directed to pay all expenses of incorporation and organization of this corporation, including all attorney's fees incurred in connection therewith;

RESOLVED FURTHER, that beginning with the month in which this corporation begins business, the corporation shall adopt a system of amortizing its organizational expenditures ratably over a period of not less than sixty (60) months in the accordance with Section 248 of the Internal Revenue Code.

4.    Seal.

RESOLVED, that the seal, an impression of which below, is adopted as the seal of this corporation.

1

5.     Bank Account at Citibank.

RESOLVED, that the President is authorized to open a depository of the funds of this corporation, and the checking account of this corporation be established and maintained by and in the name of this corporation at Citibank on and subject to such terms and conditions as the officers of this corporation may from time to time agree with said bank;

RESOLVED FURTHER, that all checks, drafts and other instrument for payment of money drawn or accepted by this corporation for payment from such account at such bank be signed on behalf of this corporation by any one of the authorized offices of the corporation.

RESOLVED FURTHER, that all checks, drafts and other instrument for payment of money endorsed on behalf of this corporation for deposit with or collection by said bank may be so endorsed in the name of this corporation by written or stamped endorsement, without designation or signature of the person making such endorsement;

RESOLVED FURTHER, that the Secretary of this corporation is hereby authorized and directed to certify to said bank that these Resolutions have been duly adopted and are in to said bank the names and specimen signatures of the present officers of this corporation authorized to sign on such account, and if and when any change be made in the personnel of such officers, the fact of such change and the specimen signature of each new officer;

RESOLVED FURTHER, that said bank is requested and authorized to honor, receive, certify or pay any instruments signed or endorsed in accordance with these Resolutions and the certification provided for by these Resolutions then in effect, including any such instrument drawn or endorsed to the personal order of or presented for negotiation or encashment by any officer signing or endorsing the same;

RESOLVED FURTHER, that these Resolutions and each certification herein provide for shall remain in full force and effect, and said bank is authorized and requested to rely and act thereon until it shall receive at its office to which the certified copy of these Resolutions was delivered, either a certified copy of a further Resolution of the Board of Directors amending or resending these Resolutions or a further certification of the names and signatures of the officers authorized to sign on such accounts.

6.     Common Stock.

The officers are authorized to act as follows:

RESOLVED, that the offices of this corporation be and hereby are authorized, empowered and directed to take all actions that may be necessary and proper for this corporation to issue the above-listed shares in accordance with applicable laws, and that those actions shall include where necessary: (a) doing all acts that may be necessary under the federal securities laws and the securities laws of any state, and (b) doing all acts necessary to expedite these transactions or conform them, or any of them, to the requirements of any applicable law, ruling, or regulation.

RESOLVED FURTHER, that each of the officers of this corporation be and each hereby is authorized and directed to execute all documents and to take any other action necessary or advisable to carry out the purpose of these resolution.

RESOLVED FURTHER, that the corporation shall issue 10,000 shares of common stock to Ara G. Dolarian. The company accountant shall reflect the capitalization of the corporation as determined by the officer of the corporation.

7.    Tax Year.

RESOLVED, that a fiscal year ending December 31st is adopted by this corporation as the accounting period to be used for the purposed of tax reporting.

8.    Share Certificates.

RESOLVED, that the specimen form of share certificate attached hereto as Exhibit "A" is adopted to represent shares of this corporation and that share certificates in this form, signed in the name of this corporation by the President and Secretary (whose signatures may be facsimiles) and impressed with the corporate seal, shall ne issued to the holders of shares of this corporation.

9.    Principle Offices.

RESOLVED, that 1284 W Shaw Ave #103, Fresno, CA 93711, is hereby established as the principal business office of this corporation.

10.    Agent for Service of Process.

RESOLVED, that Myron F. Smith is approved as this Corporation's agent for service of process.

11.    Approval of Bylaws.

3

RESOLVED, that the Bylaws adopted by the incorporator of this corporation are approved; and,

RESOLVED FURTHER, that the president of this corporation is authorized and directed to execute a certificate of the adoption of these Bylaws, to insert a copy of the Bylaws as certified in the minute book of this corporation, and to cause a copy of those Bylaws as they may be amended from time to time, to be kept and maintained in the principal executive office of this corporation.

12.     Place of Board of Director Meetings, Telephone Conference Meetings.

RESOLVED, that all meeting of the Board of Directors shall be held at this corporation's principal office, or at any place designated in any notice of meeting. Any meeting, regular or special, may be held by conference telephone or similar equipment, provided that all directors participating can hear one another.

13.     Approval of Sub-Chapter "S" Election.

RESOLVED, that the president is designated to make the sub-chapter "S" election for reporting of profit and loss to the Internal Revenue Service.

Dated: July 14, 2014

Ara G. Dolarian

4

**PROOF OF SERVICE**
**CCP '' 1011, 1013, 1013a, 2015.5**
**FRCP 5(b)**

STATE OF CALIFORNIA, COUNTY OF FRESNO:

I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address is 1140 W Keats Ave., Fresno, California 93711.

On ___7/26___, **2016**, I served the document described as **Ex parte Application for Order shortening Time and motion to unseal Search Warrant Affidavit** on the interested parties in this action ___x___ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list: ___ by placing ___ the original ___x___ a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Christopher Dominguez | Grant Rabenn |
| Klein Denatale | Asst. US Attorney |
| 5260 N. Palm Ave | 2500 Tulare |
| Fresno, CA 93711 | Fresno, CA 93722 |

___ BY MAIL ___ I deposited such envelope in the mail at Fresno, California. The envelope was mailed with postage thereon fully prepaid.

___ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Fresno, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___xx___ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee as set forth above.

___ (BY FAX) I caused the above-referenced document to be transmitted by fax to the addressee(s) at the fax number(s) shown.

___ (BY OVERNIGHT COURIER) I caused the above-referenced envelope(s) to be delivered to an overnight courier service for delivery to the addressee(s).

Executed on **July 26, 2016**, at Fresno, California.

___ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

___X___ (Federal)   I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Myron F. Smith