# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIETE D'EQUIPMENTS INTERNATIONAUX NIGERIA, LTD., <br><br> Plaintiff, <br><br> v. <br><br> DOLARIAN CAPITAL, INC.; ARA G. DOLARIAN, <br><br> Defendants. | Case No. 1:15-cv-01553-DAD-SKO <br><br> **ORDER DENYING WITHOUT PREJUDCIE DEFENDANT ARA G. DOLARIAN's EX PARTE APPLICATION TO UNSEAL SEIZURE WARRANT PURSUANT TO FED. R. CRIM. P. 41(G)** <br><br> (Doc. 50) |

## I.    INTRODUCTION AND BACKGROUND

On October 9, 2015, Plaintiff Societe d'Equipments Internationaux Nigeria, Ltd. ("SEI") filed a complaint against Defendants Dolarian Capital, Inc. ("DCI"), and Ara G. Dolarian ("Dolarian") (collectively "Defendants"). (Doc. 1 ("Complaint").) On November 18, 2015, proceeding *pro se*, Dolarian filed an answer "by and for himself and on behalf of [DCI]," a Counterclaim for breach of contract against SEI, and a third-party complaint against Amanda Giovanni, a defense contractor. (Docs. 11 ("Answer"); 12 ("Counterclaim").) On November 30, 2015, this Court struck the answer as to DCI pursuant to Local Rule 183(a), which prohibits a corporation or other business entity from appearing in federal court without counsel, and entered default against DCI. (Docs. 15; 16.) On February 17, 2016, the Court dismissed the Counterclaim. (Docs. 23; 26.)

On July 26, 2016, Dolarian filed an "ex parte application to unseal seizure warrant under FRCP 41(G) and US Constitution," seeking access to inspect and copy the affidavit and other

documents upon which a February 2015 warrant had been based. (Doc. 50 (Ex Parte Application ("Application")).) The warrant was served upon three banks in February 2015 and an unspecified number of funds -- allegedly including those funds paid by SEI to DCI in the underlying contracts -- were seized by the government. (Doc. 51 (Declaration of Ara G. Dolarian).) Though a civil forfeiture proceeding commenced against the seized funds, no indictment proceedings have yet commenced against Dolarian. (Appl., p. 2.)

## II.   RELEVANT LEGAL STANDARDS

The district court has inherent power to seal affadavits filed with the court in appropriate circumstances. *Offices of Lakeside Non-Ferrous Metals, Inc. v. U.S.*, 679 F.2d 778, 779 (9th Cir. 1982) (citing *In re Sealed Affidavit(s) to Search Warrants*, 600 F.2d 1256 (9th Cir. 1979)). *See also In re Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir.), *cert. denied*, 498 U.S. 892 (1990) (whether to seal a search warrant document lies within the discretion of the court); *Matter of Searches of Semtex Indus. Corp.*, 876 F. Supp. 426, 429 (E.D.N.Y. 1995) (same). The court, however, is obligated to entertain requests for access to sealed documents. *See Newsday*, 895 F.2d at 79; *Semtex*, 876 F. Supp. at 429.

The Ninth Circuit has considered arguments under the First Amendment, common law, and Fed. R. Crim. P. Rule 41(g) to unseal warrant applications "during the pre-indictment stage of an ongoing criminal investigation." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1221 (9th Cir. 1989), cert. denied, 498 U.S. 880 (1990). The *Times Mirror* court refused to find any *public* "right of access to search warrant proceedings and materials when an investigation is ongoing but before indictments have been returned." *Id*. at 1218. However, there exists a *private* "right of access under the Fourth Amendment to the affidavit in support of the search warrant" during the pre-indictment stage, which vests in the individual or entity whose property was seized. *See In re Searches and Seizures*, Nos. 08-SW-0361 DAD, 08-SW-0362 DAD, 08-SW-0363 DAD, 08-SW-0364 DAD, 2008 WL 5411772 (E.D. Cal. Dec. 19, 2008) (collecting cases).

This right of pre-indictment access to search warrant affidavits is not absolute but may be denied where a compelling governmental interest is demonstrated requiring that the materials be kept under seal. *Id.* In this regard, it has generally been recognized that in order to prevent the

search subject from inspecting the contents of the supporting affidavit, the government must demonstrate to the court that a compelling government interest requires the materials to be kept under seal and that there is no less restrictive means, such as redaction, capable of serving that interest. *In re Search Warrants Issued on April 26, 2004*, 353 F.Supp.2d 584, 591 (D. Md. 2004) (citing *United States v. Oliver*, 208 F.3d 211, 2000 WL 263954, *2 (4th Cir. 2000) *and In re Search Warrants Issued August 29, 1994*, 889 F. Supp. 296, 299(S.D. Ohio 1995)).

### III.    DISCUSSION

Dolarian asks this Court to order the unsealing of affidavit(s), and supporting documents, filed in other matters within this Courthouse (*see* Appl., Exh. A), that may or may not be related to the underlying breach of contract in this action. However, the mechanism for such relief is unclear.

Rather than filing an application to unseal the affidavits submitted in support of the search warrants executed at Dolarian's various banking institutions on the dockets of those search warrants, Dolarian seeks to conflate the various cases in which he is involved and is asking the undersigned -- who is presiding over the civil action proceeding against Dolarian and his corporation DCI -- to order the affidavits unsealed. Dolarian has not offered any authority compelling the Court to take such action and the undersigned declines to do so.

The undersigned does not make any finding as to whether Dolarian is precluded from bringing such an application in any one of the several warrant proceedings[1] regarding the seizure of funds from his various banking institutions or seizure of other documents and materials from any properties. Nor does the undersigned make any finding as to whether the Government has an articulable need for continued secrecy in a complex federal investigation prior to indictment or need to protect the identities of undercover agents and persons cooperating with the investigation sufficient to preclude disclosure of the affidavit(s). *See Semtex Indus.*, 876 F. Supp. at 429.

---

[1] Dolarian attaches to his application several seizure warrants filed publicly on the dockets of *USA v. Bank of America Checking Account Number 000577161654, Martel 3D, LLC*, No. 1:15-sw-21-GSA; *USA v. Citibank Money Market Account #206054579*, No. 1:15-sw-23-GSA; *U.S.A. v. Citibank Checking Acct. # 205912785*, No. 1:15-sw-24-GSA; *USA v. The balance of funds maintained at Bank of America Savings Account Number #325016557963 titled in the name of "Martel 3D, LLC" in an amount not to exceed, $2,296,091.82*, No. 1:15-sw-25-GSA. The Court notes that these four seizure warrants do not comprise an exhaustive list of all warrants executed in connection with accounts and properties associated with Defendants.

1  Finally, the undersigned makes no finding that a renewed request in this matter could be
2  entertained at a later date -- provided authority was cited to demonstrate the undersigned could
3  grant such relief -- as disclosure of materials to which Defendants have a cognizable right of
4  access should not be postponed indefinitely. *See id.*

### IV.   CONCLUSION AND ORDER

Accordingly, IT IS ORDERED that Defendant Ara Dolarian's ex parte application to unseal the warrant affidavit is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **August 8, 2016**                         /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE