UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIETE D'EQUIPMENTS INTERNATIONAUX NIGERIA, LTD,<br><br>Plaintiff,<br><br>v.<br><br>DOLARIAN CAPITAL, INC.; and ARA G. DOLARIAN,<br><br>Defendants. | No. 1:15-cv-01553-DAD-SKO<br><br><u>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE</u><br><br>(Doc. Nos. 32, 38, 58) |

On October 9, 2015, plaintiff Societe d'Equipments Internationaux Nigeria, Ltd. ("SEI") filed a complaint against defendants Dolarian Capital, Inc. ("DCI") and Ara G. Dolarian ("Dolarian") seeking a return of the $8,618,646.57 it paid pursuant to a contract under which defendants were to supply military assets and munitions to SEI. (Doc. No. 1.) The complaint alleges causes of action for (1) rescission for failure of consideration, (2) money had and received, (3) breach of contract, (4) conversion, and (5) fraud. (*Id*. at 1.) While all of the causes of action are alleged against defendant DCI, defendant Dolarian is named only in connection with the second, fourth, and fifth causes of action. (*Id.*)

On November 18, 2015, proceeding *pro se*, Dolarian attempted to file an answer "by and for himself and on behalf of [DCI]," a counterclaim for breach of contract against SEI, and a third-party complaint against one Amanda Giovanni, identified as a defense contractor. (Doc.

1

Nos. 11, 12.)[1]  On November 30, 2015, the court struck the answer as to defendant DCI due to the prohibition upon a corporation or other business entity appearing in federal court without counsel. (Doc. No. 15.)  Defendant DCI has not appeared in this action at any time thereafter.

On November 19, 2015, plaintiff filed a request for Clerk's entry of default against defendant DCI, and on November 30, 2015, the Clerk of the Court entered that default. (Doc. Nos. 10; 16.)  On March 15, 2016, plaintiff filed a motion for entry of default judgment against defendant DCI pursuant to Federal Rule Civil Procedure 54(b), seeking as part of that judgment the award of damages in the amount of $8,618,646.57 and costs in the amount of $738.43. (Doc. Nos. 32; 33.)  No opposition to that motion was filed although it was served on defendant DCI.[2]

On May 4, 2016, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for default judgment be granted against defendant DCI in the total amount of $ 8,619,385. (Doc. No. 38.)  The findings and recommendations were served upon defendants DCI and Dolarian and contained notice that any objections thereto were to be filed within twenty-eight (28) days after service. (Doc. No. 62.)  No objections were filed. (*See* Docket.)  However, on August 18, 2016, the assigned magistrate judge issued amended findings and recommendations again recommending that the motion for default be granted. (Doc. No. 58.) The amended findings and recommendations were also served upon defendants DCI and Dolarian and contained notice that any objections thereto were to be filed within fourteen days of service. (Doc. No. 62.)  On August 19, 2016, defendant Dolarian filed another notice of change of address with the court. (Doc. No. 60.)  Accordingly, and out of an abundance of caution, the court reserved the amended findings and recommendations on both defendants at defendant Dolarian's new address of record and extended the period for any party to file objections thereto by fourteen days. (Doc. No. 62.)  More than fourteen days have passed since that minute order and no

---

[1] On February 17, 2016, the court dismissed defendant Ara Dolarian's counterclaim. (Doc. No. 26.)

[2] Plaintiff alleges in its complaint that defendant Ara G. Dolarian is the President and sole shareholder of defendant DCI. (Doc. No. 1 at 2.)  Service of the motion on defendant DCI was carried out by delivering the motion to DCI at defendant Dolarian's address of record. (See Doc. Nos. 24, 32.)

2

1 objections to the findings and recommendations have been filed.

2 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c), this court has conducted a *de novo* review of this case. For the reasons explained below, the undersigned respectfully declines to adopt the findings and recommendations.

It is important to recognize at the outset that plaintiff has moved for entry of default judgment only against defendant DCI, one of two defendants named in this action. Plaintiff has not moved for default judgment against defendant Dolarian nor has plaintiff dismissed him from this action. In this regard, Federal Rule of Civil Procedure 54(b) provides in pertinent part:

> [W]hen multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

*See also Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) (noting that the court has discretion to enter a default judgment as to less than all defendants).

Although the court has discretion under Rule 54 depending on the circumstances before it, the Supreme Court long ago warned that "absurdity might follow" in instances involving motions for default judgment s where a court "can lawfully make a final decree against one defendant . . . while the cause was proceeding undetermined against the others." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). The Ninth Circuit has characterized the rule announced in *Frow* as follows: "[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Inv. Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow*, 82 U.S. at 554). In that case the Ninth Circuit also adopted the Eleventh Circuit's extension of the rule announced in *Frow* "to defendants who are similarly situated, even if not jointly and severally liable."[3] *In re First T.D. & Inv. Inc.*, 253 F.3d at 532 ("We therefore hold

---

[3] As the Ninth Circuit explained, in the case initially giving rise to this extension of *Frow*, "[a]lthough defendants were not jointly liable, the court vacated the default judgment against the exporter because '[i]t would be incongruous and unfair to allow [the plaintiff] to collect a half million dollars from [the defaulting defendant] on a contract that a jury found was breached by [the plaintiff].'" *In re First T.D. & Inv. Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (*quoting Gulf Cost Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984)).

3

1    that the bankruptcy court violated the *Frow* principle and abused its discretion by entering final

2    default judgments, pursuant to Fed. R. Civ. P. 54(b)[.]"); *Garamendi v. Henin*, 683 F.3d 1069,

3    1082 (9th Cir. 2012) ("Here . . . the district court followed the proper procedure.  After Hénin

4    defaulted, the court waited until completion of trial against the non-defaulting defendants before

5    fixing damages and entering default judgments against Hénin.").

6           Thus, despite the discretion accorded pursuant to Rule 54, in the default judgment context

7    courts of this circuit have consistently applied *Frow* and *First T.D.* when default judgment is

8    sought as to a non-answering defendant while the action is proceeding against answering

9    defendants.  *See Zardain v. Ipacpa U.S., Inc.*, No. 2:15-cv-1207-MCE-EFB, 2016 WL 737380, at

10   *3-4 (E.D. Cal. Feb. 25, 2016) (recommending denial without prejudice of a request for an

11   "interlocutory default judgment" against one defendant because each defendant's potential

12   liability is too interwoven with the other's to permit entry of judgment against IPACPA at this

13   time"); *Employee Painters' Trust v. Cascade Coatings*, No. C12-0101 JLR, 2014 WL 526776, at

14   *3 (W.D. Wash. Feb. 10, 2014) ("it would be an abuse of discretion for this court to grant

15   Plaintiffs' motion for default judgment because Plaintiffs allege the same claims against Mr.

16   Schlatter and the non-defaulted jointly and severally liable co-defendants, Mr. McLaughlin and

17   Cascade Partnership.  Supreme Court and Ninth Circuit precedent prohibit default judgment

18   where a default judgment against one defendant could be inconsistent with a judgment on the

19   merits in favor of other defendants"); *Helton v. Factor 5, Inc.*, Case No: C 10-4927 SBA, 2013

20   WL 5111861, at *6 (N.D. Cal. Sept. 12, 2013) ("In the present case, there is a serious risk of

21   inconsistent judgments.  Plaintiffs have alleged that Defendants all are jointly and severally liable

22   for the 11 claims alleged in the First Amended Class Action Complaint.").

23          Here, plaintiff's second, fourth, and fifth causes of action are asserted against both of the

24   named defendants, one of which has answered and the other of which has not.  Moreover, in the

25   complaint before the court plaintiff specifically alleges that:

26   
27   
28   
> Defendants knowingly and willfully conspired and agreed among
> themselves to commit the wrongful acts alleged herein.  Defendants
> and each of them did the acts and things herein alleged pursuant to,
> and in furtherance of, the conspiracy and agreement to commit the

4

> wrongful acts alleged herein. Each defendant further ratified the acts of the other.

(Doc. No. 1 at 2.) In addition, plaintiff has alleged that "[d]uring all times relative to this complaint, defendant Ara G. Dolarian was the president, and upon information and belief, the principal shareholder of Dolarian Capital." (*Id*. at 2.) Finally, plaintiff seeks the same monetary relief against both defendants. (*Id*. at 9.) Accordingly, it appears that plaintiff in this case is seeking relief against both defendants jointly and severally based upon an alter ego or other theory of recovery. *See Minnesota Mining & Mfg. Co. v. Superior Court*, 206 Cal. App. 3d 1025, 1028 (1988) ("Where the alter ego doctrine applies, ownership of even one share is sufficient to hold a shareholder liable for the debts of a corporation."); *Associated Vendors, Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d 825, 837 (1962). At the very least, the claims, facts, and legal issues asserted in the complaint relative to each of the two defendants are obviously quite similar. *See In re First T.D. & Inv. Inc.*, 253 F.3d at 532 (The *Frow* principle applies to circumstances in which counterclaim parties have closely related defenses or are otherwise "similarly situated.").

Plaintiff has argued that entry of default judgment against defendant DCI at this time is appropriate under Rule 54(b) because the requested judgment would not necessarily be inconsistent with any later verdict in favor of defendant Dolarian and that there is a significant risk of prejudice if entry of judgment against defendant DCI is delayed because the funds at issue might be laundered, transferred overseas or used by both defendants to defend against potential, yet filed, criminal charges. (Doc. No. 33 at 15-17.) The undersigned finds plaintiff's arguments in this regard conclusory, speculative and unsupported.

In the amended findings and recommendations the assigned magistrate judge thoroughly considered and addressed the holdings in *Frow* and *In re First T.D & Inv. Inc.* and concluded that they did not preclude entry of default judgment against defendant DCI at this time. (Doc. 58 at 16-20) (*citing Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001)). The magistrate judge also concluded that there were was a significant risk of prejudice to plaintiff if entry of judgment against defendant DCI was delayed because any damages awarded to plaintiff were likely to become increasingly uncollectible over time. The

1    undersigned simply disagrees with both of these conclusions.

2    　　　　The court therefore declines to enter the requested default judgment against defendant
3    DCI at this time because to do so could, potentially, be inconsistent with a judgment on the merits
4    with respect to the answering defendant - Ara Dolarian.  The risk of inconsistency is particularly
5    true where, as here, the requested entry of default judgment "precede[s] the findings as to the
6    non-defaulting [parties] at the time the case" is "originally [being] decided by the district court
7    [ ]."  *Garamendi*, 683 F.3d at 1082-83.  In this regard, the undersigned notes that although
8    defendant Dolarian's motion for summary judgment has today been denied by the court, it is clear
9    from his arguments submitted in support of that motion that he takes the position that there was
10   no breach of the contract on the part of defendants and/or that any failure to perform on
11   defendants' part was caused by plaintiff.  Of course, this position may be wholly unsupported by
12   the evidence and ultimately lack any merit.  On the other hand, it may not.  Moreover, plaintiff
13   has not yet moved for summary judgment in its favor against defendant Dolarian.  Ultimately, a
14   jury may be called upon to issue a verdict with respect to plaintiff's claims against defendant
15   Dolarian.

16   　　　　Finally, there has been no showing that deferring entry of judgment as to defendant DCI
17   until plaintiff's claims against the answering defendant are resolved will make any damages
18   awarded plaintiff against defendant DCI any less collectible than they may be today.  The court
19   notes that defendant DCI is a California corporation based in Fresno and defendant Dolarian
20   resides in Fresno County and is the President and sole shareholder of defendant DCI.  (Doc. Nos.
21   1 at 1-2 and 48 at 1.)  In addition, over two years have already passed since the funds at issue
22   were transferred by plaintiff to defendant DCI (Doc. Nos. 1 at 1 and 48 at 4), and it certainly
23   appears possible that a very large percentage of the funds at issue have been seized by the United
24   States government.[4]  In any event, there has been no showing made that plaintiff's ability to
25   collect on a judgment against defendant DCI will be impacted in any way if the pending motion

---

[4] Defendant Dolarian represents that all of the funds in question were seized by the United States government. (Doc. No. 48 at 4.) Plaintiff, conversely, argues that there is a triable issue of material fact regarding the amount seized by the government because defendant Dolarian has only identified $6 million that has been seized by the government. (Doc. No. 55 at 5.)

for default judgment is denied without prejudice to its renewal at the appropriate time.

For all of the reasons set forth above:

1) The court declines to adopt the amended findings and recommendations (Doc. No. 58) issued on August 18, 2016; and

2) Plaintiff's motion for entry of default judgment against defendant DCI (Doc. No. 32) is denied without prejudice to its renewal at the conclusion of this action, upon disposition of plaintiff's claims against the answering defendant.

IT IS SO ORDERED.

Dated:  **November 18, 2016**

UNITED STATES DISTRICT JUDGE