# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIETE D'EQUIPMENTS INTERNATIONAUX NIGERIA, LTD, | Case No. 1:15-cv-01553-DAD-SKO |
| Plaintiff, | **ORDER GRANTING MOTION FOR SANCTIONS** |
| v. | (Doc. 63) |
| DOLARIAN CAPITAL, INC., and ARA G. DOLARIAN, | |
| Defendants. | |

Pending before the Court is Plaintiff's Notice of Motion and Motion for Entry of Order for Civil Contempt and Sanctions (the "Motion"). (Doc. 63.) For the reasons provided herein, the Court GRANTS this Motion and awards sanctions against Defendant Ara G. Dolarian ("Dolarian") in the amount of $10,273.90.[1]

## I. BACKGROUND

This action involves a contractual dispute relating to the sale of "various military assets and munitions primarily for the Nigerian armed services." (Doc. 1 ¶ 8.) To date, no attorney has noticed an appearance on behalf of Defendant Dolarian.

On August 12, 2016, following an informal discovery dispute conference, the Court directed the following, in relevant part:

> Defendant Dolarian SHALL serve an amended notice of deposition on Plaintiff that describes 'with reasonable particularity the matters for examination' in compliance with Fed. R. Civ. P. 30(b)(6). Defendant's amended notice of deposition shall set

---

[1] Although Plaintiff requests $11,820.68 in sanctions, the Court finds that Plaintiff is entitled to $10,273.90 in sanctions, as set forth below.

the location of the deposition in Prague, Czech Republic, and the date of the deposition for September 5, 2016, or another date on which the parties mutually agree.

(Doc. 57 ¶ 2.)  On August 15, 2016, Defendant Dolarian noticed the deposition of Plaintiff's representative in Prague, Czech Republic for roughly three weeks later on September 5, 2016. (Doc. 63, Ex. 2 at 7–8.)  In anticipation of this deposition, Plaintiff's counsel purchased round-trip airfare between Los Angeles, CA and Prague, Czech Republic for $2,896.40.  (*See* Doc. 70, Ex. A.)  These travel arrangements provided a departure date of August 30, 2016, and a return date of September 6, 2016.  (*See id.*)

Plaintiff's counsel arrived in Prague on August 31, 2016.  (Doc. 63, Ex. 1 at 2; *see also id.* (providing the statement of Plaintiff's counsel that he arrived in Prague "days prior to the deposition to meet [his] client and to prepare for the deposition").)  The next day, Defendant Dolarian sent a notice of cancellation of the deposition by e-mail.  (*See* Doc. 63, Ex. 2 at 11.)  This notice stated only the following:  "Please be advised that Defendant [Dolarian] cancels the deposition of [P]laintiff due to the lack of funds to retain and transport a certified court reporter to Prague."  (*Id.*)

Plaintiff then filed the Motion on September 9, 2016.[2]  (Doc. 63.)  Neither Defendant has filed an opposition to the Motion to date.  As such, the Motion is ready for disposition.

## II.   DISCUSSION

Plaintiff requests that the Court sanction Defendant Dolarian and award Plaintiff with attorneys' fees and costs arising out of Defendant Dolarian "noticing a deposition and then failing to appear at the deposition."[3]  (Doc. 63, Ex. 1 at 4.)  The Court agrees with Plaintiff's position.

"Federal Rule of Civil Procedure 30(g) governs a person's failure to attend a deposition," *Ewing v. Flora*, 14cv2925 AJB (NLS), 2015 WL 12564224, at *6 (S.D. Cal. Feb. 28, 2015), and

---

[2] On October 7, 2016, the Court entered an order directing Plaintiff "to file an affidavit in support of its request for attorneys' fees in the Motion."  (Doc. 69 at 1.)  Plaintiff then filed a supplemental declaration by Plaintiff's counsel in support of the Motion on October 10, 2016.  (Doc. 70.)

[3] In the Motion, Plaintiff also requested that the Court enter an order for civil contempt against Defendant Dolarian. (*See* Doc. 63.)  On November 15, 2016, Plaintiff filed a Notice of Withdrawal of Motion for Entry of Order for Civil Contempt.  (Doc. 73.)  In this notice, Plaintiff withdrew "its motion for entry of order for civil contempt," but stated that "[t]his withdrawal does not affect the pending motion for sanctions."  (*Id.* at 1.)  As such, Plaintiff's request for sanctions against Defendant Dolarian is the only portion of the Motion that remains pending before the Court.

provides, in relevant part, that "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to . . . attend and proceed with the deposition," Fed. R. Civ. P. 30(g). Similarly, Federal Rule of Civil Procedure 30(d)(2) states that "[t]he court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent." Pursuant to these rules, "[c]ourts routinely award expenses and attorney's fees where . . . a party fails to attend a deposition without delivering sufficient notice of cancellation to the other party." *Ewing*, 2015 WL 12564224, at \*6 (citations omitted). "What constitutes reasonable expenses and appropriate sanctions is a matter for the Court's discretion." *Jones v. Lehigh Sw. Cement Co.,* No. 1:12–cv–00633–AWI–JLT, 2014 WL 346619, at \*6 (E.D. Cal. Jan. 30, 2014) (citing *Biovail Labs., Inc. v. Anchen Pharm., Inc.*, 233 F.R.D. 648, 654 (C.D. Cal. 2006)); *see also Ewing*, 2015 WL 12564224, at \*6 ("The district court is vested with 'wide latitude' to issue discovery sanctions." (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001))).

The Court finds that a sanction of attorneys' fees and costs is warranted due to Defendant Dolarian's late cancellation of the scheduled September 5, 2016 deposition in Prague, Czech Republic. While Defendant Dolarian cancelled this deposition beforehand, he did so only a handful of days prior to the out-of-country deposition. (*See, e.g.*, Doc. 63, Ex. 2 at 11.) Additionally, the rationale provided by Defendant Dolarian for cancelling the deposition—a lack of funds to procure a court reporter, (*see id.*)—is information that Defendant Dolarian reasonably should have ascertained weeks prior to the cancellation of the deposition. Furthermore, given the distance to the location of the deposition, the Court finds that it was reasonable for Plaintiff's counsel to travel to Prague days prior to the deposition to prepare his client. Finally, Defendant Dolarian has not provided any justification for the late notice of cancellation, or otherwise responded to the Motion. Based on these facts, the Court finds that Defendant Dolarian failed to give sufficient notice to Plaintiff when he cancelled the out-of-country deposition based on reasons that were readily ascertainable by Defendant Dolarian weeks prior to the scheduled deposition. *See, e.g.*, *Albee v. Cont'l Tire N. Am., Inc.*, 780 F. Supp. 2d 1005, 1013 (E.D. Cal.

2011) (finding that "an award of reasonable costs, including attorney's fees," was appropriate where the plaintiff's counsel cancelled an out-of-state deposition the day before it was scheduled); *Keystone Ne., Inc. v. Keystone Retaining Wall Sys., LLC*, Civil Action No. 6:12–cv–720–BHH, 2014 WL 4198818, at *3 (D.S.C. Aug. 22, 2014) (awarding fees and costs where, in part, the plaintiff belatedly cancelled a deposition due to "circumstances that . . . were entirely self-inflicted"). Defendant Dolarian's late cancellation of the deposition therefore warrants the award of reasonable attorneys' fees and costs.

As to the amount of this sanction, Plaintiff requests $11,820.68 in fees and costs associated with the late cancellation of the deposition and $1,592.50 in fees incurred in preparing the Motion. (Doc. 63, Ex. 1 at 4.) Plaintiff filed documentation showing that Plaintiff's counsel spent $2,896.40 for the round-trip flight to Prague. (*See* Doc. 70, Ex. A.) The Court finds that these costs are properly recoverable.

Regarding attorneys' fees, Plaintiff requests a sanction as to the following attorney time at an hourly rate of $325: (1) 1.6 hours for reviewing "client e-mail and organiz[ing] documents for client deposition preparation;" (2) 8.0 hours for preparing "for and travel[ing] to Prague for [the] deposition" on August 30, 2016; (3) 8.0 hours for preparing "for a travel[ing] to Prague for [the] deposition" on August 31, 2016; (4) 8.0 hours for "travel[ing] to Bakersfield from Prague" on September 6, 2016; (5) 1.2 hours for researching "legal issues and standards regarding motion for order of contempt and sanctions;" and (6) 3.9 hours for drafting the Motion and the declaration in support of the Motion. (Doc. 70 ¶ 8.) Plaintiff's counsel also represents that he has been a member of the California Bar "since 1997" and previously billed at a higher rate than the $325 rate requested here. (*Id.* ¶ 7.)

Absent any evidence to the contrary, the Court finds that the hourly rate of $325 is reasonable. *See, e.g.*, *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016) ("To determine a 'reasonable hourly rate,' the district court should consider: 'experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.'" (quoting *Chalmers v. City of L.A.*, 796 F.2d 1205, 1211 (9th Cir. 1986))); *id.* ("The reasonable rate should generally be guided by the rate prevailing in the

4

community for similar work performed by attorneys of comparable skill, experience, and reputation." (citation omitted)).  The Court further finds that the number of hours requested by Plaintiff are reasonable, with one exception.  Specifically, Plaintiff requests fees for sixteen hours of travel time to Prague, but only eight hours for the return travel.  (*See* Doc. 70 ¶ 8.)  Plaintiff justifies this discrepancy by stating that "nine hours is lost travelling to Prague" due to changes between time zones.  (*Id.* ¶ 10.)  However, this argument fails to recognize that Plaintiff's counsel recouped any lost time due to a change between time zones when he returned to California.  The Court therefore finds that Plaintiff should be awarded the same number of hours in fees for travel to and from Prague—namely, eight hours each way.  Accordingly, after reducing Plaintiff's requested fees by eight hours, the Court finds that Plaintiff is entitled to fees for 22.7 hours at a rate of $325 per hour, which results in a total fee amount of $7,377.50.

In summary, the Court finds that Defendant Dolarian is properly sanctioned for $2,896.40 in costs Plaintiff suffered associated with the late cancellation of the Prague deposition, as well as $7,377.50 in attorneys' fees.  This constitutes a total sanction against Defendant Dolarian of $10,273.90.

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion, (Doc. 63), insofar as Plaintiff requests sanctions against Defendant Dolarian in the amount of $10,273.90.  Accordingly, the Court ORDERS Defendant Dolarian to pay sanctions to Plaintiff in the amount of $10,273.90.

IT IS SO ORDERED.

Dated:   **November 22, 2016**                         /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE