# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIETE D'EQUIPMENTS INTERNATIONAUX NIGERIA, LTD,<br><br>Plaintiff,<br><br>v.<br><br>DOLARIAN CAPITAL, INC., and ARA G. DOLARIAN,<br><br>Defendants.<br>_____/ | Case No. 1:15-cv-01553-DAD-SKO<br><br>**ORDER DENYING MOTION FOR SANCTIONS**<br><br>(Doc. 81) |

Before the Court is Plaintiff's Motion for Entry of Order for Civil Contempt and Sanctions (the "Motion for Sanctions"). (Doc. 81.) In the Motion for Sanctions, Plaintiff requests "a civil contempt order" due to the failure of Defendant Ara Dolarian ("Dolarian") to pay a monetary sanction, as directed by the Court in an order entered on November 22, 2016. (*Id.* at 1–2.) Plaintiff also requests "compensatory sanctions against [Defendant] Dolarian for the reasonable attorneys' fees incurred in bringing" the Motion for Sanctions. (*Id.* at 2.)

On January 17, 2017, Plaintiff filed a Notice re Motion for Sanctions, in which Plaintiff states that Defendant Dolarian paid the sanctions, as directed by the Court in its November 22, 2016 order. (Doc. 90 at 2.) In this notice, Plaintiff also withdrew "its request for entry of order for civil contempt," but noted that it "still seeks compensatory sanctions against [Defendant] Dolarian for reasonable attorneys' fees in bringing" the Motion for Sanctions. (*Id.*) To date, neither Defendant has filed an opposition to the Motion for Sanctions. As such, the only

remaining issue as to the Motion for Sanctions is Plaintiff's request for attorneys' fees and costs in bringing this motion. (*Id.*)

"Sanctions for civil contempt may be imposed to coerce obedience to a court order and to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior." *Wal-Mart Stores, Inc. v. PT Multipolar Corp.*, 202 F.3d 280, at *2 (9th Cir. 1999) (citing *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986)). *See generally Gen. Signal Corp.*, 787 F.2d at 1380 ("Compensatory awards are limited to actual losses sustained as a result of the contumacy." (emphasis omitted)). Thus, "[i]t is well-established that attorneys' fees are awarded as compensatory damage to the prevailing party in a civil contempt motion." *U.S. Philips Corp. v. KXD Tech., Inc.*, Case No. CV 05-08953 DMG (PLAx), 2014 WL 12567518, at *1 (C.D. Cal. Aug. 26, 2014) (citing *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985)). "A district court enjoys 'wide latitude in making a determination of whether there has been a contemptuous defiance of its own orders.'" *Religious Tech. Ctr. v. Henson*, 229 F.3d 1158, at *1 (9th Cir. 2000) (quoting *Neebars, Inc. v. Long Bar Grinding, Inc.*, 438 F.2d 47, 48 (9th Cir. 1971)); *see, e.g.*, *Harcourt Brace Jovanovich Legal & Prof'l Publ'ns, Inc. v. Multistate Legal Studies, Inc.*, 26 F.3d 948, 953 (9th Cir. 1994) ("An award of attorney's fees for civil contempt is within the discretion of the district court." (citing *Gen. Signal Corp.*, 787 F.2d at 1380)).

The Court finds that additional monetary sanctions are not warranted. Plaintiff did not prevail in its Motion for Sanctions, and instead, withdrew its request for contempt. Without prevailing on its request for contempt, a sanction in the form of attorneys' fees and costs for bringing this request is inappropriate. *See, e.g. Ruckelshaus v. Sierra Club*, 463 U.S. 680, 686 (1983) (noting "the traditional rule that a fee claimant must 'prevail' before it may recover attorney's fees"). *See generally Hewitt v. Helms*, 482 U.S. 755, 760 (1987) ("Respect for ordinary language requires that a [party] receive at least some relief on the merits . . . before he can be said to prevail.").

Furthermore, the Court finds that monetary sanctions are not proper under the present circumstances. Defendant Dolarian has now complied with the Court's November 22, 2016 order. As such, the Court finds that, at this juncture, additional monetary sanctions are not necessary to

adequately compensate Plaintiff or ensure Defendant Dolarian's compliance with the Court's orders. *See, e.g.*, *United States v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980) ("[T]he district court should apply the least coercive sanction . . . reasonably calculated to win compliance with its orders." (citation omitted)).

For these reasons, the Court DENIES Plaintiff's Motion for Sanctions, (Doc. 81), to the extent Plaintiff requests attorneys' fees and costs incurred in bringing this motion.

IT IS SO ORDERED.

Dated:   **January 24, 2017**                           /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE