UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIETE D'EQUIPMENTS INTERNATIONAUX NIGERIA, LTD., <br><br> Plaintiff, <br><br> v. <br><br> DOLARIAN CAPITAL, INC., and ARA G. DOLARIAN, <br><br> Defendants. | No. 1:15-cv-01553-DAD-SKO <br><br><br> ORDER STRIKING DEFENDANT <u>DOLARIAN CAPITAL, INC.'S ANSWER</u> <br><br> (Doc. No. 109) |

On October 9, 2015, plaintiff Societe d'Equipments Internationaux Nigeria, Ltd. ("SEI") initiated this civil action by filing a complaint against defendants Dolarian Capital, Inc. ("DCI") and Ara G. Dolarian ("Dolarian"), seeking the return of the $8,618,646.57 plaintiff had paid pursuant to a contract under which defendants were to supply plaintiff with certain military assets and munitions. (Doc. No. 1.) On November 18, 2015, defendants Dolarian and DCI filed a joint answer to the complaint *in propria persona*. (Doc. No. 11.) The previously assigned district judge struck that answer as to defendant DCI because a corporation is permitted to appear in this action only through counsel. (Doc. No. 15.) Defendant DCI did not, thereafter, make an appearance through counsel and did not respond to the complaint. Accordingly, on November 30, 2015, a Clerk's Certificate of Entry of Default was filed as to defendant DCI. (Doc. No. 16.) Thereafter, plaintiff filed a motion for entry of default judgment against defendant DCI. (Doc.

1

No. 32.)  On November 21, 2016, the court denied the motion for entry of default judgment without prejudice to its renewal upon disposition of plaintiff's claims against the answering defendant, Ara Dolarian (Doc. No. 74).

On February 6, 2017, the day before the scheduled hearing on a motion for summary judgment brought by plaintiff SEI as to its claims against defendant Ara Dolarian, defendants filed a proposed substitution of attorney seeking to substitute Roger D. Wilson in as counsel of record for both defendants, Dolarian and DCI.  (Doc. No. 99.)  At the hearing on plaintiff's motion for summary judgment, the court granted the requested substitution of attorney as to defendant Ara Dolarian only and the proposed substitution of attorneys was withdrawn by attorney Wilson as to defendant DCI.  (Doc. No. 101.)

On February 24, 2017, defendant DCI submitted a proposed substitution of attorney seeking to substitute in attorney Roger D. Wilson as counsel of record for DCI.  (Doc. No. 106.)  On March 2, 2017, the court conditionally granted the substitution of attorney of Roger D. Wilson as counsel of record on behalf of defendant DCI only "for the limited purposes of participating in the scheduled [March 6, 2017] settlement conference on behalf of that defendant."  (Doc. No. 108 at 2.)  That order specifically provided that it did not "affect the Clerk's Certificate of Entry of Default filed as to defendant DCI and the court [did] not intend to reopen discovery and law and motion in this case as a result of this order."  (*Id*. at 3.)  The court reasoned that plaintiff SEI would be unduly prejudiced by the late substitution of attorney, but that settlement discussions would possibly be facilitated if they included DCI, which required that it be represented at the settlement conference.  (*Id*. at 2)  However, later that same day, the assigned magistrate judge vacated the settlement conference finding that settlement attempts would be "futile" in this case.  (Doc. No. 109.)

Despite this history and the clear admonition of the court's March 2, 2017 order regarding its limited scope, on March 31, 2017, attorney Roger D. Wilson filed an answer on behalf of DCI.  (Doc. No. 112.)  On April 7, 2017, attorney Roger D. Wilson also filed a motion to set aside the clerk's entry of default on behalf of DCI.  (Doc. No. 113.)  It is a general rule that a corporation can appear only through an attorney. *See* E.D. Cal. R. 183(a) ("A corporation or other entity may

appear only by an attorney"); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989). At the time that attorney Roger D. Wilson filed the answer on behalf of DCI, he had not been permitted by the court to substitute into this action on behalf of defendant DCI. Attorney Wilson was therefore not authorized to file an answer on behalf of defendant DCI. Accordingly, the answer filed March 31, 2017 (Doc. No. 109) is stricken. Defendant DCI's motion to set aside the clerk's entry of default (Doc. No. 113), will remain scheduled for hearing on May 16, 2017. Attorney Wilson will be authorized to substitute in as counsel for defendant DCI for the limited purpose of moving to set aside the clerk's entry of default and is directed to indicate whether he is still seeking to substitute in as counsel for defendant DCI for all purposes in any reply he files in support of that motion. The stricken answer may be submitted as a proposed answer presenting any claimed meritorious defense in support of the motion to set aside the clerk's entry of default. *See* Wagstaffe, *Federal Civil Procedure Before Trial*, at ¶¶ 6:204, 6:192 (Rutter Group 2017).

IT IS SO ORDERED.

Dated: **April 10, 2017**

UNITED STATES DISTRICT JUDGE