UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIETE D'EQUIPMENTS INTERNATIONAUX NIGERIA, LTD., <br><br> Plaintiff, <br><br> v. <br><br> DOLARIAN CAPITAL, INC. and ARA G. DOLARIAN, <br><br> Defendants. | No. 1:15-cv-01553-DAD-SKO <br><br><br> ORDER GRANTING MOTION TO SET ASIDE DEFAULT <br><br> (Doc. No. 113) |

Plaintiff Societe D'Equipments Internationaux Nigeria, Ltd. ("SEI") commenced this action on October 9, 2015, against defendants Ara G. Dolarian ("Dolarian") and Dolarian Capital, Inc. ("DCI"), seeking a return of the $8,618,646.57 it paid DCI pursuant to a 2014 sales contract whereby SEI agreed to purchase, and DCI agreed to sell, military assets and munitions. (Doc. No. 1.) Plaintiff SEI alleges the following causes of action: (1) rescission for failure of consideration; (2) money had and received; (3) breach of contract; (4) conversion; and (5) fraud.

On November 18, 2015, then proceeding *pro se*, defendant Dolarian attempted to file an answer on behalf of himself and defendant DCI. (*See* Doc. No. 11.) Because a corporation such as DCI may only appear in federal court through counsel, the court subsequently ordered that the answer be stricken as to defendant DCI, and on November 30, 2015, the Clerk of the Court issued a certificate of entry of default as to DCI. (Doc. Nos. 15, 16.) On November 21, 2016, the court

denied plaintiff's motion for entry of default judgment against defendant DCI, noting that to grant default judgment at that stage of the litigation might create inconsistencies with a later judgment on the merits of claims against defendant Dolarian. (Doc. No. 74 at 5–6.) Following the conclusion of discovery, on September 12, 2017, this court issued an order denying plaintiff's motion for partial summary judgment with respect to its conversion claim against defendant Dolarian. (Doc. No. 122.)

On April 7, 2017, defendant DCI filed the instant motion to set aside the Clerk's entry of default against it. (Doc. No. 113.)[1] On May 2, 2017, plaintiff SEI filed its opposition to that motion. (Doc. No. 118.) This matter came before the court for a hearing on May 16, 2017. (Doc. No. 121.) Attorney Christopher Dominguez appeared on plaintiff SEI's behalf. Attorney Roger Wilson appeared on behalf of defendant DCI.

## LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, a district court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In determining whether good cause exists to set aside the entry of default, the court must consider three factors: (1) whether the defendant engaged in culpable conduct that led to the default, (2) whether the defendant had a meritorious defense, and (3) whether setting aside the entry of default would result in prejudice to the plaintiff. *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004); *accord United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

/////

/////

---

[1] On February 7, 2017, the court granted defendant Dolarian's request to substitute attorney Roger Wilson in as his attorney of record in this action. (Doc. No. 102.) On March 31, 2017, attorney Wilson also attempted to file an answer on behalf of defendant DCI. (Doc. No. 112.) However, attorney Wilson had not been permitted by the court to substitute into this action on behalf of defendant DCI and therefore was not authorized to file an answer on DCI's behalf. Accordingly, the answer was stricken. (Doc. No. 114.) Nevertheless, at that time the court authorized Mr. Wilson to substitute in as counsel for the limited purpose of moving to set aside the Clerk's entry of default as to defendant DCI. (*Id.* at 3.)

# DISCUSSION

**A.     Culpability**

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (alteration and emphasis in original) (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001)). Intentional failure to answer requires more than a conscious decision not to file an answer; rather, "the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Id.* (quoting *TCI Grp.*, 244 F.3d at 697).

Here, as the sole shareholder, president, and chairman of defendant DCI—and as a named defendant himself—Mr. Dolarian was well aware of the filing of this action and the consequences for failure to timely respond to the complaint. DCI's motion to set aside the entry of default comes nearly sixteen months after the court first apprised it of the requirement that DCI be represented by counsel in this action. Nevertheless, Mr. Dolarian now represents that he has only recently retained attorney Wilson to represent DCI. Mr. Dolarian's delay may well have been the result of negligence, avoidance, a lack of resources, or perhaps a combination thereof. Although the question is far from clear cut, the court declines to conclude that Mr. Dolarian's failure to timely procure counsel for DCI was a deliberate attempt to undermine the legal process.[2] Accordingly, this factor is neutral or, at most, weighs slightly in favor of setting aside default. *See Mesle*, 615 F.3d at 1092–93 ("[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such

/////

---

[2] The court, however, rejects any suggestion by Mr. Dolarian that he continued to believe he was represented by attorney Myron Smith, even after this court's clear admonitions to the contrary. (*Compare* Doc. No. 113-3 ¶ 7 ("During all communications whether by telephone and/or emails, I believed both myself and my company DCI were being represented by Mr. Smith."), *with* Doc. No. 15 (striking defendants' answer as to DCI).) It is abundantly clear from the docket in this case that Mr. Smith has never made an appearance or attempted to substitute in as counsel of record for any party.

as prejudice, weigh heavily in favor of denial of the motion to set aside a default." (citing *TCI Grp.*, 244 F.3d at 696–97)).

**B.  Meritorious Defense**

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *Id.* at 1094 (quoting *TCI Grp.*, 244 F.3d at 700). However, the movant bears a minimal burden in this regard and need only allege facts that, if true, would constitute a meritorious defense. *Id.*

In moving to set aside entry of default here, defendant DCI alleges it is not liable to SEI for a number of reasons, including (1) that plaintiff SEI failed to execute its obligations under the 2014 sales contract, (2) that SEI therefore improperly cancelled the sales contract, and (3) that the sales contract was part of a larger agreement between SEI and DCI. (*See* Doc. No. 113-1 at 6–10.) Without determining the truth of these allegations, the court is satisfied that defendant DCI has at least raised plausible defenses to plaintiff's claims. As a result, this factor weighs at least slightly in favor of setting aside default.

**C.  Prejudice**

Finally, a court must determine whether plaintiff would be prejudiced by the setting aside of default. *See Mesle*, 615 F.3d at 1094. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Id.* at 1095 (quoting *TCI Grp.*, 244 F.3d at 701).

Defendant DCI moves to set aside the entry of default sixteen months after it was initially required to file an answer in this action. Discovery in this case has since concluded, and the court has already heard and now ruled upon a motion for partial summary judgment brought by plaintiff. Nevertheless, in light of the allegations in plaintiff SEI's complaint and the arguments presented by the parties on summary judgment, the court observes that plaintiff's theories of liability as to both defendants are likely to be substantially similar. For example, plaintiff's conversion claim against defendant Dolarian appears to rely at least in part on SEI's entitlement to contract remedies from defendant DCI based on the terms of the sales contract. Moreover, where plaintiff has alleged claims against both defendants, liability as to each defendant appears

4

to be predicated primarily on the actions of defendant Dolarian, either acting personally or on behalf of defendant DCI. Thus, defendant DCI's defenses appear to overlap significantly with those of defendant Dolarian. Because setting aside default as to DCI would not substantially alter the scope of the litigation, and because of the risk of inconsistent judgments should the court enter default judgment against DCI, the court concludes that any prejudice to plaintiff from setting aside the default as to defendant DCI would likely be minimal. Accordingly, consideration of this factor also weighs in favor of setting aside default.

On balance, the court finds good cause to set aside the entry of default and to permit defendant DCI to file an answer to the complaint. As a result, defendant DCI's motion is granted.[3] Given defendant DCI's significant and unnecessary delay in obtaining counsel and moving to set aside default, however, defendant DCI will be precluded from filing any counterclaims or third-party claims. The undersigned recognizes that under the court's scheduling order all discovery and law and motion in this case closed long ago.[4] However, in light of the unusual posture of this action, the denial of plaintiff's motion for partial summary judgment, and the granting of defendant DCI's motion to set aside the Clerk's entry of default, this action will be referred back to the assigned magistrate judge for a further scheduling conference. The magistrate judge is authorized to consider at that time whether discovery should be reopened for any limited purpose and whether dispositive law and motion should be reopened for a limited period of time, as well as to otherwise reschedule the remainder of this case to allow it to be expeditiously addressed from this point until its conclusion.

/////

/////

---

[3] Having granted defendant DCI's motion to set aside the Clerk's entry of default, the court will also authorize attorney Wilson to substitute in as counsel for defendant DCI for all purposes going forward in this action.

[4] On March 2, 2017, the settlement conference scheduled in this action was vacated. (Doc. No. 109.) Moreover, on March 20, 2017, the dates for the Final Pre-Trial Conference and Trial were vacated pending the court's ruling on plaintiff's motion for partial summary judgment, to be rescheduled if necessary. (Doc. No. 111.)

**CONCLUSION**

Accordingly,

1. Defendant DCI's motion to set aside default (Doc. No. 113) is granted;
2. Defendant DCI is granted leave to substitute attorney Roger Wilson in as its attorney of record in this action for all purposes and docket shall so reflect this substitution;
3. Defendant DCI is directed to file an answer within seven days of the service of this order; and
4. This matter is referred back to the magistrate judge for a further scheduling conference consistent with this order.

IT IS SO ORDERED.

Dated: **September 12, 2017**　　　　　*Dale A. Drozd*
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

6