# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIETE D'EQUIPMENTS INTERNATIONAUX NIGERIA, LTD., <br><br>Plaintiff, <br><br>v. <br><br>DOLARIAN CAPITAL, INC., et al., <br><br>Defendants. <br>_____/ | Case No. 1:15-cv-01553-SKO <br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE** <br><br>(Doc. 147) |

## I.  INTRODUCTION

On April 26, 2018, Defendants Dolarian Capital, Inc. and Ara G. Dolarian (collectively "Defendants") filed a Notice of Motion and Motion to Dismiss with Prejudice seeking to dismiss Plaintiff Societe D'Equipments Internationaux Nigeria, Ltd. ("SEI")'s complaint for failure to prosecute and for disobeying the Court's orders (the "Motion"). (Doc. 147.)  No opposition has been filed to date.  After having reviewed the papers and supporting material, the matter was deemed suitable for decision without oral argument pursuant to Local Rule 230(g), and on May 24, 2018, the Court vacated the hearing set for May 30, 2018.  (Doc. 149.)

For the reasons set forth below, the Motion is GRANTED.

## II.  BACKGROUND

On October 9, 2015, SEI filed this breach of contract, conversion, and fraud action against Defendants Dolarian Capital, Inc. and Ara G. Dolarian (collectively "Defendants").  The complaint alleges that in June 2014, SEI, a Nigerian corporation, and Defendants executed a sales

contract for the sale and purchase of military assets and munitions to be used by the Nigerian military in its fight against Boko Haram. (*See generally* Doc. 1, 136.) According to SEI's complaint, it paid $8,618,645.57 to Defendants, but Defendants failed to deliver the military assets and munitions identified in the contract. (Doc. 1 at ¶ 13.)

On February 18, 2018, the Court entered an order granting a motion to withdraw filed by then-counsel for SEI. (Doc. 143.) In its order, the Court directed SEI to retain new counsel within sixty (60) days of the date of the order, or April 25, 2018. (*Id.* at 8.) The order also required Defendants to file a status report reflecting the current status of the case by no later than March 22, 2018. (*See id*.) The Court cautioned that SEI could not proceed *pro se*, as it is a corporation, and that its failure to obtain counsel would result in dismissal of the action with prejudice for want of prosecution. (*Id.* at 7–8.) The order was served on SEI via email and U.S. Mail on March 21, 2018. (*See* Doc. 144.)

On March 22, 2018, defense counsel filed a declaration informing the Court that he was unaware of the existence of any new counsel for SEI. (Doc. 145.) By minute order entered March 23, 2018, the Court reiterated SEI's obligation to file a Notice of Appearance by April 25, 2018, and again advised that SEI's failure to file a Notice of Appearance may result in dismissal of the action with prejudice for want of prosecution. (Doc. 146.)

No notice of appearance having been filed, on April 26, 2018, Defendants filed the present Motion. (Doc. 147.)

## III. DISCUSSION

### A. Legal Standard Governing Motions to Dismiss Under Rule 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In considering whether dismissal is appropriate, the district court must weigh several factors, including: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Yourish v. California Amplifier*, 191 F.3d 983, 990

(9th Cir. 1999); *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996) (citing *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 931 (9th Cir. 1986) (per curiam); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992). The Ninth Circuit has stated that it "'may affirm a dismissal where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal,'" *Yourish*, 191 F.3d at 990 (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)), and that " [a]lthough it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors[,]'" *Yourish*, 191 F.3d at 990 (quoting *Ferdik*, 963 F.2d at 1261).

## B. A Corporation Must Be Represented by Counsel

It is well-established that a corporation may only appear through counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel . . . .") (citing *Osborn v. President of Bank of United States*, 22 U.S. 738 (1824)); *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *Church of the New Testament v. United States*, 783 F.2d 771, 772–73 (9th Cir. 1986)). *See also In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney"). Moreover, Rule 183(a) of the Local Rules of the United States District Court, Eastern District of California, expressly states that "[a] corporation or other entity may appear only by an attorney."

Courts in the Ninth Circuit have repeatedly held that a corporation's continued failure to secure counsel justifies dismissal of its claims. *See Ringgold Corp. v. Worrall*, 880 F. 2d 1138, 1142 (9th Cir. 1989) (upholding dismissal of affirmative claims and grant of default judgment on counterclaims after attorney withdrew and company failed to retain new counsel or appear for pretrial conferences). *See also Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 1000-01 (9th Cir. 2007); *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that the district court's entry of default was appropriate where a corporate defendant failed to comply with an order to retain counsel for the duration of the litigation); *Multi Denominational Ministry of Cannabis & Rastafari, Inc. v. Gonzales*, 474 F. Supp. 2d 1133, 1141

(N.D. Cal. 2007) (dismissing with prejudice the claims of an incorporated ministry because, as a religious nonprofit corporation, it had to be represented by counsel). Dismissal of claims is particularly appropriate where the court has given a corporation time to retain counsel. *Degla Grp. for Investments, Inc. v. BoConcept USA, Inc.*, Case No. CV 09–05278 MMM (AGRx), 2011 WL 13187266, at *2–3 (C.D. Cal. Aug. 3, 2011) (citing *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 23 (2d Cir. 1983) (affirming the district court's order that the complaint of the plaintiff corporation be dismissed unless it obtained counsel within forty-five days)). *See also, e.g., Mortg. Indus. Sols., Inc. v. Collabera, Inc.*, No. CV 11–4008 CAS (AGRx), 2012 WL 13008421, at *7 (C.D. Cal. Aug. 14, 2012) (dismissing complaint for failure to prosecute where the plaintiff, a corporate entity, had failed to retain new counsel following the withdrawal of its former attorneys, despite having had thirty days to so and warned that the failure to do so may result in the dismissal of the case).

**C.    Consideration of the *Yourish* Factors**

**1.    Expeditious Resolution of Litigation and Management of Docket**

"A dismissal for lack of prosecution must be supported by a showing of unreasonable delay." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). SEI's failure to obtain counsel has caused significant delay. It has been over three months since SEI's attorneys withdrew, and over a month since the deadline the Court set for SEI to obtain new counsel passed. SEI's failure to follow the Local Rules and Court-imposed deadlines has thus prevented expeditious resolution of this action, which has been pending since 2015. Because SEI cannot proceed unless it retains counsel, of which it was reminded on several occasions, its failure to do so makes it impossible to move forward with the litigation. Consequently, the first two *Yourish* factors—the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissing SEI's complaint under Rule 41(b).

**2.    Prejudice**

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). "When considering prejudice to

4

the defendant, the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1452 (9th Cir. 1994); *see Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) ("[W]e may presume from the length of time that has elapsed between the events at issue here and the present, that Appellee[']s ability to present its case has been prejudiced"); *Henderson*, 779 F.2d at 1423 ("Unreasonable delay creates a presumption of injury to the defense"). This is because "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643.

Prejudice is judged in light of the strength of the plaintiff's stated reason for the delay. *See Yourish*, 191 F.3d at 991 ("We have indicated that the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend"); *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987) ("[W]e place particular reliance on the district court's determination that Malone's excuse for her conduct was groundless" because "[w]hether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default").

To date, Defendants' ability to proceed to trial has been impaired, as they have been forced to wait for months in limbo for SEI to retain counsel. SEI's continued failure to retain counsel, moreover, prejudiced Defendants greatly, as they have been unable to obtain certain discovery, including depositions of SEI's principals, and to ultimately conclude this litigation absent SEI's compliance with the Local Rules. (*See* Doc. 147-1 at 3, 5.) SEI has offered no explanation for its actions to date. Consequently, the Court finds that this factor weighs in favor of dismissal under Rule 41(b). *See In re Eisen*, 31 F.3d at 1452–53.

**3. Disposition on the Merits**

The public policy favoring the disposition of cases on their merits always cuts against dismissal. *See, e.g., Dahl*, 84 F.3d at 366 ("The underlying claim of police brutality in this case is a serious one, calling into question the manner by which the state exercises its monopoly on the legitimate use of force. Thus, the public has an interest in having this case decided on the merits"). It is SEI's responsibility, however, to move the action toward resolution at a reasonable

pace and to avoid dilatory tactics. *See Morris*, 942 F.2d at 652 ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). Because SEI has failed to discharge that responsibility, the public policy favoring resolution of disputes on the merits does not outweigh SEI's failure to prosecute. *See, e.g., Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, Case No. CV-14-02139-MWF (VBKx), 2016 WL 2851298, at *3 (C.D. Cal. May 13, 2016).

### 4. The Availability of Less Drastic Sanctions

In determining whether to dismiss an action under Rule 41(b), the court should make a "reasonable exploration of possible and meaningful alternatives." *Morris*, 942 F.2d at 652. As the Ninth Circuit has explained:

> There are of course a wide variety of other sanctions short of dismissal that are available. The district judge, however, need not exhaust them all before finally dismissing a case. The exercise of his discretion to dismiss requires only that possible and meaningful alternatives be reasonably explored, bearing in mind the drastic foreclosure of rights that dismissal effects.

*Von Poppenheim v. Portland Boxing and Wrestling Comm'n*, 442 F.2d 1047, 1053–54 (9th Cir. 1971). *See also Henderson*, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

"Somewhere along the line, the rights of the defendants to be free from costly and harassing litigation must be considered. So too must the time and energies of our courts and the rights of would-be litigants awaiting their turns to have other matters resolved." *Von Poppenheim*, 442 F.2d at 1054. SEI's disregard for the Court's orders and the Local Rules, and its failure to offer any explanation for its actions, indicate that no less drastic sanctions are reasonably available. The Court has attempted to avoid outright dismissal by providing SEI an opportunity to retain new counsel within two months after its prior counsel's withdrawal. SEI, however, has failed to comply with the Court's orders and ignored the Court's explicit warning that failure to retain counsel would result in dismissal with prejudice. Accordingly, the Court concludes that, in this case, there are no less drastic sanctions that can be imposed short of dismissing SEI's claims,

and that this factor weighs in favor of dismissal. *See, e.g., Almont Ambulatory Surgery Ctr., LLC*, 2016 WL 2851298, at *3; *Degla Grp. for Investments, Inc.*, 2011 WL 13187266, at *4.

### 5. Balancing the Factors

As noted above, the Ninth Circuit has stated that it "'may affirm a dismissal where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal.'" *Yourish*, 191 F.3d at 990 (quoting *Hernandez*, 138 F.3d at 399). Here, four of the five relevant factors weigh in favor of dismissing SEI's claims. Only the fourth factor—the public policy favoring disposition of claims on the merits—counsels against dismissal, and only slightly. Accordingly, the Court concludes that the *Yourish* balancing test favors dismissal of SEI's claims. *See, e.g., Almont Ambulatory Surgery Ctr., LLC,* 2016 WL 2851298, at *3; *Degla Grp. for Investments, Inc.*, 2011 WL 13187266, at *5; *Your Pers. Assistant, LLC v. T-Mobile USA, Inc.*, Case No. CV 10–00783 MMM (RCx), 2010 WL 11598045, at *6 (C.D. Cal. Sept. 21, 2010).

## IV. CONCLUSION AND ORDER

For the reasons stated, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss with Prejudice (Doc. 147) is GRANTED;
2. This action is DISMISSED WITH PREJUDICE; and
3. The Clerk of Court is directed to close this case.

This terminates the action in its entirety.

IT IS SO ORDERED.

Dated: **June 7, 2018**                                     /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE